MAXIMILLIAN J. RAEFLE, plaintiff in error, *vs.* TIFF T. MOORE, sheriff *et al.,* defendants in error.

1. Where the issue was whether certain notes, payable one day after date, were sued before due, and it was shown that they were not dated as of the day on which in fact made, the party attacking the judgments rendered thereon, cannot compel the attorney who represented the payee of such notes when they were given, over his objection, to testify to the precise time when they were written. Especially is such ruling of the court not ground for new trial, where such attorney offered to answer the question propounded, if allowed to state all about the transaction, and the plaintiff in error availed himself of such offer.

2. Where garnishments were issued on suits against a legatee and served upon the executor, and the executor paid over to the attorney of the

Raefle *vs.* Moore, sheriff, *et al.*

legatee his share in the estate less an amount sufficient to cover the garnishments, taking from such attorney a receipt which so specified, and further stated that the amount said executor was required to pay on said garnishments should be deducted from the sum retained and balance paid over to the legatee:

*Held,* that such receipt was not evidence of an appropriation of the sum retained, or of any part thereof, for the benefit of the creditors who sued out such garnishments.

3. A note payable one day after date, becomes due on the day after it was made, and cannot be sued until the day following.

4. A note payable one day after date, but not made on the day it purports to have been, becomes due on the day after it was in fact made, and cannot be sued until the next succeeding day.

5. The plaintiff and two other creditors of defendant, commenced suit by attachment to the county court of Muscogee county, and had garnishments issued by which they caused to be retained by the garnishee a sufficient sum of money to satisfy their claims. The defendant, subsequently passing through Columbus, consulted with an attorney as to how he could have the money in the hands of the garnishee appropriated to an indebtedness of $1,000.00 which he said he owed a third person for board. The attorney advised that he give ten notes of $100.00 each, payable to such third person, whom the defendant said he represented, have them sued at once in a justice court, and have personal service perfected on him before leaving; that thus judgments would be obtained before judgments could be rendered in the county court. The notes were made at Columbus on or about August 4, 1874, though dated as if made at New Orleans on July 1, 1874, and suits commenced on the first mentioned day, which matured to judgments before the actions in the county court. When the fund was brought into the county court under the judgments against the garnishee, the justice court judgments claimed the fund as being prior in date. The defendant expressed a willingness that two of the three attaching creditors should be paid, and the claim of the justice court judgments was withdrawn as to a sufficiency of the fund to pay them.

*Held,* that the above facts make out a *prima facie* case of fraud, and that a verdict upon a rule against the sheriff, at the instance of the plaintiff, finding the issue in favor of the justice court judgments, was contrary to law.

Garnishment.  Attorney and Client.  Evidence.  Debtor and Creditor.  Promissory Notes.  Fraud.  Before Judge CRAWFORD.  Muscogee Superior Court.  May Term, 1876.

This suit was originally brought in the county court of

Muscogee county, and carried by appeal to the superior court. The other facts are reported in the decision.

L. T. DOWNING, for plaintiff in error.

BLANDFORD & GARRARD, for defendants.

WARNER, Chief Justice.

It appears from the record that Raefle, July 6, 1874, sued out an attachment against R. O. Moses, returnable to the then next September term of the county court for Muscogee county, which was levied the next day, by service of summons of garnishment on Isaac I. Moses, as executor of Jacob I. Moses, deceased, who was the father of said R. O. Moses, defendant in attachment.

Before this, one Isaac H. Moses, executor, etc., and one Raphael J. Moses, Jr., two other creditors of said R. O. Moses, had also sued out attachments against him, and executed the same by also serving summons of garnishment on said Isaac I. as executor as aforesaid. After service of said three garnishments, said executor settled with the attorneys of said R. O. Moses, accounting for $1,469.25, of which he retained $700 to meet said garnishments. The claims of said three attaching creditors matured to judgment against said R. O. Moses at the December term of said county court, 1874, and against said garnishee, on his several answers to said garnishments; and particularly, judgment in the case of said Raefle was rendered on his answer, which is of record, and is as follows:

"In answer to summons of garnishment served upon him in above case, this respondent says, that at the time said summons was served, he had in his hands, as executor of Jacob I. Moses, deceased, the sum of $1,469.25, belonging to said Rynear O. Moses, as his distributive share of the money then in respondent's hands; afterwards, on the 7th July, 1874, respondent paid to said Rynear O. Moses, all of said sum except $700, which he retained to answer this and

other garnishments, and which he still has in his hands."

This answer was sworn to on the 18th December, 1874.

Thereupon executions issued against said Isaac I. in said three cases, and on the 20th April, 1875, the sheriff collected the money due thereon, amounting in all to $658.56. The amount collected on the *fi. fa.* in favor of said Raefle was $229.74. The sheriff not paying over said sums, rules were brought against him by said three attaching creditors, to the September term, 1875, of said county court. He answered, admitting said collections, and that Blandford & Garrard had notified him that one J. Bell held ten justice court executions, and claimed said money thereon, and demanded payment of the same. By order of the court the three rules against the sheriff were consolidated, and one answer of the sheriff was accepted for all. After this, said R. O. Moses expressed a willingness that two of the three attaching creditors should get their money, and the claim of said J. Bell was withdrawn as to said two creditors, and they were settled with, leaving only said Raefle as contestant with said J. Bell for the money, $229.74, collected and in the sheriff's hands. Said Raefle traversed the sheriff's answer as follows :

1. That the justice court judgments and *fi. fas.* in said answer named are, as against said plaintiff, fraudulent and void ; for that the suits on which they are founded were begun and prosecuted to judgment in collusion between the original defendant, Rynear O. Moses, and said Bell, with the purpose and intention of securing to said Bell, judgments of older date and prior lien to the judgments to be recovered in favor of said plaintiffs, on the attachments then pending.

2. That the notes, the foundation of said justice court suits, were made by said Rynear O. Moses, voluntarily, without legal consideration, and for the purpose of defeating the collection by said plaintiff of his just debt.

3. That said notes were made and executed on the 4th day of August, 1874, and had not matured at the time of

the commencement of the actions thereon, which were therefore illegal and void.

4.   That said notes were made and executed on the 4th day of August, 1874, but ante-dated, and so made to have the appearance of being due at the time of the commencement of the suits thereon, the foundation of the judgments and *fi. fas.* in said answer named ; whereas, said notes were not in fact due at the commencement of said suits, and said actions were illegal, and the judgments founded thereon are illegal and void.

5.  That there are no such judgments in favor of said Bell, as named in said answer, now in the hands of said sheriff.

6.  That the judgment in favor of said plaintiff is founded on an attachment levied on the money now in the hands of said sheriff, before the commencement of said justice court suits in favor of said Bell, and said judgment in favor of said plaintiff is of prior lien on said funds.

7.  That the money now in the hands of the sheriff was appropriated and set apart by said defendant, Rynear O., to remain in the hands of the said garnishee to pay said judgment on which it was raised, in favor of said plaintiff, and the appropriation was made before the recovery of said justice court judgments, and the said money ought to be paid on his judgment, to said plaintiff.

L. T. Downing,
Attorney for plaintiff.

Said J. Bell joined issue on said traverse as follows :

We join issue, and say that the money belongs to J. Bell.

Blandford & Garrard,
Attorneys for J. Bell.

Upon the trial, plaintiff, Raefle, called as a witness John Peabody, Esq., who testified that he, as attorney of said garnishee, had a settlement with L. F. Garrard, Esq., as attorney of said R. O. Moses, pertaining to the share of said R. O. in the estate of his father, of whose will said garnishee was executor ; that upon a bill filed against said executor, by some of the heirs, to which said R. O. was not a party,

a decree had been rendered, which said R. O., through his said attorney, accepted; that by said decree his share of the money, then in the hands of said executor, was $1,469.25, which sum said executor accounted for to said R. O., through his said attorney, by paying over $769.25 in money; and as he had been garnished at the suits of three creditors of said R. O., the claims amounting to between $600 and $700, it was understood and agreed that said executor should retain in his hands, to answer sundry garnishments then pending, amounting to ———, the judgments which might be recovered against him on said garnishments, $700; and thereupon said Garrard, as attorney of said R. O., gave his receipt, of which the following is a copy, and which was then read in evidence:

"$769.25.                    COLUMBUS, July 7, 1874.

Received of Isaac I. Moses, executor of Jacob I. Moses dec'd, seven hundred and sixty-nine and 25-100 dollars, on account of my one-sixth interest, as a residuary legatee of the said Jacob I. Moses, deceased, under a decree rendered in favor of Moultrie Moses and others, complainants, *vs.* Isaac I. Moses, executor of Jacob I. Moses, in Muscogee superior court; to which decree I was not a party, but have since accepted the same. The full share of my interest in the funds now in the hands of said Isaac I. Moses, executor, as per his report, at May term, 1874, of said court, is $1,469.25; and this receipt is on account of said share; the balance due me under said decree and report is now $700, which amount is retained by said Isaac I. Moses, to answer sundry garnishments served upon him to answer what he is indebted to me. The amount which the said Isaac I. Moses shall be required to pay under said garnishment is to be deducted from said $700 retained, and the said Isaac I. Moses is to pay the balance of said $700, and also one-sixth part of all sums he may realize from said estate, after this date.

(Signed)                    "LOUIS F. GARRARD,
                    Attorney for R. O. Moses."

Plaintiff then called as a witness said Louis F. Garrard and propounded to him the question: "When were the notes, the foundation of the judgments in favor of said J. Bell, written?"

Which question said witness, claiming his privilege, as attorney of said J. Bell, refused to answer, unless he should be allowed to state all about the transaction.

Plaintiff insisted on an answer to said question; whereupon the court ruled, that said Garrard was not compelled to answer said question, if he claimed his privilege of refusing to answer, as attorney of his client. To which ruling of the court plaintiff excepted.

Said witness then went on to testify that in August, 1874, when said notes were written, he was the attorney of said R. O. Moses, but not in this transaction; that now, at the time of testifying, said firm (Blandford & Garrard) represented said J. Bell, as attorneys.

Plaintiff then propounded to witness the question, "Whether or not the suits in favor of said J. Bell were brought the same day the notes, the foundation thereof, were made?" which question the witness, claiming his privilege as attorney, as aforesaid, refused to answer. Plaintiff insisted on his answering, and thereupon the court again ruled that the witness might refuse to answer said question, if he claimed his privilege to do so; to which ruling of the court plaintiff excepted.

The court having so ruled, the plaintiff then called on the witness to state all about the giving of said notes; and thereupon he went on to testify that in August, 1874, said R. O. Moses, passing through Columbus, consulted with witness how the said $700, retained by said executor to meet the said garnishments, could be secured for a debt he said he was owing said J. Bell for board. Witness advised him that he thought by his giving notes of $100 each, and having them sued at once in a justice court, and having personal service perfected, judgments could be obtained before the three attachments could mature to judgment in the county

court, and so the money in the hands of said executor could be claimed and held by said justice court judgments; and he, witness, still, at time of testifying, thought so.    Whereupon said R. O. Moses agreed to give his notes for $100 each, payable to said J. Bell, and thereon suits were at once brought in a justice court, so as to have personal service perfected on said R. O. before leaving town, and judgments rendered thereon before judgments could be obtained in said attachments suits, which were in the county court for trial and judgment at the December term, 1874; that said R. O. made said notes for $100 each, and dated them in July, 1874, for the computation of interest; that said notes were sued at once, as quickly as they could be; time was not lost in bringing the suits; he could not tell whether the notes were made the same day the suits were brought or not, he was inclined to think they were not; they were made the same day the suits were brought or the evening before; that said J. Bell was not present, nor was any one else representing her present with witness and said R. O. during the transaction, and at the making of said notes, except the said R. O., who said he represented her; that, as to his having given said receipt for said $1,469.25, witness stated that, as attorney for R. O. Moses, he had a large note in his hands belonging to said R. O. amounting to over $2,300, on which he was desirous .of collecting all he could; that he could get said executor to pay on it only the $769.25 cash, and so left the $700 in his hands, with which to meet the judgments in said three garnishments, that might probably be recovered against him; that about the time of settling with Peabody, he called on L. T. Downing, attorney for the attaching creditors, to ascertain about what would be the probable amount of the three garnishment judgments, and learned it would be some $645 or $650; but the executor, to make himself entirely safe, retained the $700.

It was stated on the trial, and not denied, that said R. O. Moses expressed a willingness that two of the three attaching creditors should get their money; and that since the

filing of the sheriff's answer, the claim of said J. Bell had been withdrawn as to said two creditors, and they had been settled with, leaving said Raefle alone contending for the money collected on his judgment.

The judgments and *fi. fas.* in favor of plaintiff against said R. O. Moses, and Isaac I. Moses, his garnishee, were considered in evidence.

On the *fi. fa.* against Moses, the garnishee, in favor of Raefle, was the following receipt:

Received of Isaac I. Moses, defendant in *fi. fa.*, the sum of two hundred and twenty-nine 74-100 dollars, in full satisfaction of the within *fi. fa.*, this 2d day of April, 1875.

T. T. MOORE, sheriff.

Said J. Bell then called to the stand as a witness, Thomas J. Chappell, who testified that he was the magistrate before whom sundry suits, in favor of J. Bell against Rynear O. Moses, were brought, and who produced, in open court, what he testified to be his original docket, in which said suits were entered, and the entries on said docket of ten of said suits. The original summons therein, with the notes attached thereto, and entry of service thereon, and the ten executions issued on the judgments in said suits, were all considered as read in evidence in behalf of said J. Bell, from which it appeared that the ten notes for $100.00 each, were made by R. O. Moses, payable to the order of J. Bell, due one day after date, and dated New Orleans, La., July 1, 1874; that suit was commenced on them on the 4th of August, 1874, and served on the defendant in Muscogee county on that day, and judgments rendered thereon in the justice court in favor of Bell against the defendant Moses, on the 24th of August, 1874.

The court, among other things, charged the jury, as to said receipt given by said R. O. Moses, through Garrard, his attorney, to said Isaac I., executor, etc.:

· " That it was the province of the court to construe the same; and that they, the jury, should regard it as an instrument given by R. O. Moses, through his attorney, by

which he acknowledged the payment of $700 ($769.25) at the time, and to protect the executor, if he should be required to pay over the remaining $700 to the garnishing creditors of said R. O. Moses, and to show his right to the $700 named therein ; also what the liability of said executor was to him, for and on account of said $700, and that said receipt was not evidence of an appropriation of said sum, or of any part thereof, for the benefit of the three creditors then prosecuting their attachments against him."

To which charge of the court plaintiff then and there excepted.

The court further charged the jury : " If the notes, the foundation of the ten judgments, in favor of said J. Bell, were made payable one day after date, they became due and payable the next day thereafter ; and were suable the day following."

To which the plaintiff excepted.

The court further charged the jury : " If the notes, the foundation of said judgments, in favor of J. Bell, were not made on the day they bear date, but at some other time thereafter, then, if they were made payable one day after date, they became due and payable the next day after they were made, and were suable the next day thereafter."

To which charge plaintiff excepted.

The jury returned the following verdict : " We, the jury, find the issue in favor of J. Bell."

Whereupon plaintiff filed his motion for a new trial, on the ground of error in not requiring said witness, Garrard, to make answer to said questions propounded to him by plaintiff ; and for alleged errors in said charges relating to the time when said notes matured, and when they were suable ; and further, on the grounds that said verdict was contrary to the charge of the court, which, amongst other things, was as follows :

" If the notes, the foundation of the judgments in favor of said J. Bell, were not made the day they bear date, but at some other time thereafter, and if they were made payable

one day after date, then they did not mature until the end
of the next day after they were made, and were not suable
until after maturity thereof; and if said suits were brought
before they had so matured, then said judgments were void,
and the jury should find for the plaintiff."

Because the verdict of the jury was contrary to the evidence, and the principles of justice and equity.

Because the verdict was decidedly and strongly against
the weight of the evidence.

Because the verdict was contrary to law.

This motion for a new trial the court overruled; and
thereupon the plaintiff excepted.

1. There was no error in overruling the motion for a new
trial on the ground that the court refused to compel the
witness, Garrard, to testify as set forth in the record, the
more especially as the plaintiff consented to examine him as
his witness.

2, 3, 4. There was no error in the construction of the receipt given by Garrard, as the attorney of R. O. Moses, to
the executor of Jacob I. Moses; nor as to the time the notes
became due and payable; as stated in the charge of the court.

5. Was the verdict in favor of Bell contrary to law? The
plaintiff alleges that the notes on which the justice court
*fi. fas.* were founded were made without consideration, and
were fraudulent and void; were made with the purpose and
intention of defeating the collection of the plaintiff's debt.
If the uncontradicted and unexplained evidence in the record
makes out a *prima facie* case of fraud, as against the plaintiff in obtaining the justice court judgments in favor of
Bell against Moses, then the verdict is contrary to law. In
other words, if the uncontradicted and unexplained evidence
in the record exhibits such a state of facts, as in the judgment of the law would constitute a fraud upon the rights
of the plaintiff, the verdict is contrary to law. What are the
undisputed facts, as disclosed by the evidence? That the
plaintiff, and two other creditors of the defendant R. O.
Moses, had secured enough money of the defendant in the

Racfle *vs.* Moore, sheriff, *et al.*

hands of the garnishee, to satisfy their respective claims; that in August, 1874, the defendant, Moses, passing through Columbus, consulted with a lawyer how the money then in the hands of the garnishee could be secured for a debt he said he was owing J. Bell for board. This lawyer advised him to give his notes for $100.00 each, have them sued at once in a justice court, have personal service perfected on him before leaving town, and obtain judgments thereon before judgments could be obained in the attachment suits in the county court; that said R. O. Moses then made ten notes for $100.00 each, payable to the order of J. Bell, who was not present, defendant Moses saying he represented her, the notes being dated on the face thereof, New Orleans, La., 1st July, 1874, when in fact the notes were executed at Columbus, Ga., on or about the 4th of August, 1874, and suit was commenced on them in the justice court on the last mentioned .day, .and judgments obtained thereon of prior date than the judgments in the attachment suits pending in the county court; that afterwards, said R. O. Moses expressed a willingness that two of the three attaching creditors should get their money, and the claim of J. Bell was withdrawn as to them, leaving the plaintiff, Raefle, alone to contend with J. Bell for the money collected on his judgment. There is no conflicting evidence in this case. Assuming the evidence disclosed in the record to be true as to the object and purpose of executing the ten promissory notes payable to J. Bell, on which her judgments are founded, the manner and circumstances under which the same were executed, coupled with the fact that the defendant, Moses,.appeared to have the control of the claim of J. Bell so far as to consent that two of the attaching creditors' claims should be paid out of the money in the hands of the garnishee, that evidence as it stands, unexplained, made out a *prima facie* case of fraud, under the law, to defeat the collection of the plaintiff's judgment, and there being no other evidence to support the verdict, it was contrary to law.

Let the judgment of the court below be reversed.