# CHARLESTON

## PEIRPOINT, ADM'X. v. PEIRPOINT.

Submitted March 12, 1912.    Decided December 10, 1912.

BILLS AND NOTES—*Construction of Contracts—Interest.*

A note made payable "one day after date  *  *  *  *  without interest," properly construed, and to effectuate the evident intent of the parties, will begin to bear interest only from the time payment is demanded, or suit is brought thereon.

Error to Circuit Court, Ritchie County.

Action by Juliette Peirpoint, administratrix, against C. K. Peirpoint. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Adams & Cooper,* for plaintiff in error.

*Robinson & Prunty,* for defendant in error.

MILLER, JUDGE:

One of the notes sued on, written on a blank form, in part, is as follows: "One day after date I" &c., and after partially removing an Internal Revenue Stamp, except as to the figure "6" inserted in the blank space, and the words in italics at the end of the clause, the printed form reads: "With interest at *6*

per cent per annum *without interest."* The words and figure covered by the revenue stamp are, *"With interest at 6."*

The sole question presented is, did the court below err in setting aside the verdict of the jury and awarding the defendant a new trial? The ground for the court's action was that the jury had improperly included interest on the note from one day after its date to the date of the verdict.

A proper decision depends on what construction should be given the terms of the note just quoted. The maker and payee were brothers. The court below concluded that by covering with the revenue stamp the words "With interest at 6," and adding in ink, the words "without interest," the parties intended to cancel the words first quoted, so as to make the note bear no interest, at least until demand made, or suit brought and judgment recovered.

We think it clear that the court properly interpreted the contract. This is manifest not only from the fact that the parties covered the first words with the revenue stamp, but from the use of the last words, which are wholly inconsistent with the first and repugnant to them. The fact that the figure "6" was written in the blank is emphasized. That is a circumstance of course; but it is easily explained, on the reasonable theory, that in drafting the note the scrivener, likely one of the parties, contemplated interest; but before it was executed the maker and payee being brothers, and friendly, it was agreed that no interest should be charged, and the last words "without interest," were inserted, and being irreconcilable with the first were intended to be dominant on the question of interest. Even if the first words had not been so cancelled, and stood out, we think the general rule would be applicable, that where a contract is partly printed and partly written, and there is conflict between the printing and the writing, the writing should prevail. 9 Cyc. 584, and cases in note. Beal, Cardinal Rules of Leg. Int. (2nd ed.) 114; 5 Am. Dig. (Dec. ed.) Title "Contracts," §163.

Treating the first words as cancelled there is no room of course for the application of the general rule relied on, that where there is conflict, the first words employed should prevail. That rule probably originated in the construction of deeds, and should not prevail, where the first words are inconsistent with later words

expressing the dominant purpose of the instrument. Note˙ to *Wis. Mar. &c. Bank* v. *Wilkin,* 60 Am. St. Rep. 93-4.

But treating the first words as cancelled, and the words "without interest" as dominant, and expressive of the intention of the parties, when by proper construction should interest begin to run? Plaintiff says, from the date of maturity—one day after date, that means, the note being dated January 9, 1901, from January 11, 1901, as according to *Taylor* v. *Jacoby,* 2 Pa. St. 495, 45 Am. Dec. 615, *Raefle* v. *Moore,* 58 Ga. 94, and other cases, the maker has the whole of the next day after date to make payment, and could not be sued until the day following. We cannot concur with counsel in their interpretation of the instrument.

Few precedents are found on the real question at issue. Counsel for plaintiff in error rely, first, on certain general rules, namely, that in construing contracts, a reasonable rather than an unreasonable construction—one that is just to both parties rather than unjust, should be given, citing 17 Am. & Eng. Ency. Law 18, and Bishop on Cont., sections 400, 417; second, on the general rule laid down in Virginia and in this State, that, money of one man, used by another, justly calls for compensation by way of interest, citing 4 Minor's Inst. (2nd ed.) 819, and cases cited, and our case of *Shank* v. *Groff,* 45 W. Va. 547; and, third, that courts will construe words most strongly against the party using them, words in a promissory note most strongly against the maker, citing Clark on Cont. 593. The correctness of these general rules is not challenged; but what particular application have they to the case in hand? The judicial precedents ᵒcited for their application to the case at bar, are *McKinlay* v. *Blackledge* 3 N. C. 28, and *Roberts* v. *Smith,* 64 Tex. 94, 53 Am. Rep. 744. In the first case it was held that a contract to pay money *seven years* after date *without interest,* will draw interest after maturity. The other case involved a note payable six months after date *without interest.* It was held that the note bore interest from maturity. In referring to this case, the court below, in a written opinion, observes, that the Texas court, replying to the question whether, if a note bears no interest, interest could not be calculated after maturity, said: "It would require an express contract in plain terms to this

effect, or the circumstances should clearly demand such a construction, to deprive the payee of his interest on such a contract after it became overdue." We observe also that the Texas court, in its opinion, and in the same connection, quotes from 2 Pars. Bills and Notes, 392, as follows: "When expressed, the words used by the parties determine their rights, and if they require construction, this is generally, if not always, in favor of interest." As bearing somewhat on this question we have found the case of *Evans* v. *Sanders,* (Ala.) 33 Am. Dec. 297. The undertaking in the note involved there was to pay on January 1, 1836, "with interest from 1835," no month or day being specified. The question was when did interest begin to run. After referring to some general rules of construction the Alabama court says: "What effect would the terms, 'from 1835,' have, were we to take them as expressing after the determination of that year? The legal effect of the plaintiff's undertaking, independent of such a clause, would have subjected him to the payment of interest. The parties can not be supposed to have used words, without any definite meaning in view; and there is no pretense for saying that they contemplated an intermediate period, between the first of January, 1835, and of January, 1836. So, that the only interpretation which, in our judgment, is authorized by the rules we have laid down, and will effectuate the intention of the parties, is, to give interest from the first of January, 1835." Here it will be observed the construction given reached backwards for interest a whole year, in order to give some meaning to words, which otherwise would have been meaningless.

Now, in support of the judgment below counsel for defendant, by way of argument, say, that the old rule of the common law was that without specific contract interest was not recoverable; and since it is now largely the subject of statutory regulation, it should be controlled thereby. In this State, as in others, interest is limited only by the legal rate fixed. As is true of other contracts, a contract for interest should be construed according to the intention of the parties. 16 Am. & Eng. Ency. Law, 1001. And as this authority says, at the same page: "So also the terms of the contract must, if possible, be construed to mean something rather than nothing at all." And

in the same volume, at page 1006, we find the following, supported by decisions cited: "As a matter of course, the acts of the parties and the terms of the particular contract from which an implication of intent not to charge or pay interest may arise are proper subjects for consideration, and where such is the obvious or most reasonable construction, no interest is recoverable. And where the party seeking an allowance of interest may rely on an implied promise for its recovery, he must establish sufficient facts to support the implication." From 22 Cyc. 1553, we quote the following: "If a contract makes provision for the suspension of interest for any particular period of time, or upon a certain contingency, such suspension will be permitted to control, and the running of interest will be governed by its terms."

In the light of these rules and authorities, what construction should we give the words of the instrument, "without interest?" To say that they mean without interest before maturity, renders them practically meaningless, which is opposed to one of the rules of construction. It may be said in reply, that such would be the effect with respect to undertakings maturing after a longer period. But when such terms are used in instruments running for a longer period, as for seven years, or six months, as in the cases cited and relied on by plaintiff's counsel, though in a sense meaningless, the evident intent then is to negative any inference of an intent to pay interest before maturity. But where the note or undertaking is to mature, as in this case, one day after date, the parties could not reasonably have had in mind the interest for one day, on so small an amount as is involved here. In this case, we think, the parties must have intended to suspend the interest for a longer time than the one day. What did they intend? A note payable one day after date is for all practical purposes a note payable on demand. A note payable "on demand after date" or "after date," and not otherwise expressing any time for payment, according to some authorities is in effect a note payable on demand. 2 Rand. on Com. Paper, section 1040, citing *Hitchings* v. *Edmands,* 132 Mass. 338; *Morrison* v. *Morrison,* (Ga.) 29 S. E. 125; *Dodd* v. *Denny,* 6 Ore. 156. Of course we must not be understood by citing these cases to hold that a note, payable "one day after date" is a note payable on demand, and governed in all respects by the rules and principles

applicable to demand notes. What we are endeavoring to do is to fortify our conclusion that where a note, as in this case, is made payable "one day after date * * * without interest," the reason for postponing the running of interest is substantially the same as upon a demand note or due bill, for the parties, if nothing else appears to the contrary, by the very nature and character of the instrument must have so intended. The general rule is that interest on a debt payable on demand runs only from the time when a demand is made. 22 Cyc. 1548.

Interest being the subject of contract, our cases hold, that where interest is contracted for at less than the legal rate, that rate will control after maturity and judgment as well as before. *Pickens* v. *McCoy*, 24 W. Va. 353. See also *Cecil* v. *Hicks*, 29 Grat. 1.

Our conclusion is to affirm the judgment.

*Affirmed.*