ROBINSON *v.* SULTER.

BLANDFORD, J.—The facts in the record show conclusively that the verdict was right, and there were no errors of law committed by the court on the trial of the case.     *Judgment affirmed.*
June 2, 1890.

Sulter sued Robinson for $1,247.49, besides interest on divers sums mentioned in the declaration, and the further sum of $150 as attorney's fees, making the following allegations: On February 16th, 1883, Robinson made to him a promissory note for $639.85, and to secure it gave him a deed to certain realty under the provisions of the act of December 12th, 1871, and the acts amendatory thereof. Robinson has failed to pay the principal and interest, or either, upon this note, and also has become liable by reason thereof to pay all costs, expenses, attorney's fees and commissions incurred by petitioner in enforcing his rights as vendee under the deed, which, by the terms of the deed, are to be included in the judgment to be rendered upon the note as part of the same. Owing to the failure of Robinson to pay any taxes upon the property, including even a charge by the municipal authorities of Savannah for cleaning a sink upon the premises, and failure to pay fire insurance premiums and loan association dues, petitioner, in order to protect and enforce his rights as vendee under the deed, was put to the cost of paying the loan association seven instalments of thirty dollars each, amounting besides interest to $210,

and the paying of city taxes from and including 1883 to July 1st, 1889, and State and county taxes from and including 1883 to and including 1888, and to pay $3.51 for cleaning out the sink upon the premises, and also of paying fire insurance for six years from November 15th, 1883, amounting to $75, and the further expense of attorney's fees and commissions. Petitioner prayed not only for a general judgment against Robinson for the amount of principal and interest due on the above mentioned payments, and on the note and for attorney's fees, but for a special judgment against the property conveyed to secure the debt. Attached as an exhibit to the declaration was the deed from Robinson to Sulter. It was given under the act of December 12th, 1871, and the amendatory act, to secure an indebtedness evidenced by note of $639.85, the note being dated February 16th, 1883, and due January 1st, 1884. It conveyed the half of a city lot, fully described, and recited that this half-lot had been conveyed by a similar deed to the loan association to secure a loan of money on July 1st, 1878, with bond to reconvey to Robinson, or to whomsoever he might elect, which bond Robinson assigned and transferred to Sulter, together with his deed to Sulter, with all his rights thereunder. The *habendum* clause was that Sulter, his heirs and assigns forever, should hold the property, subject only to the prior right of the loan association of subjecting it to the payment of such part of the loan as it might fail to be able to collect from Robinson. The deed further provided that it was its meaning and purpose to invest Sulter with the absolute title, subject only to the right of the association, giving him the right and power to sell according to the statute, section 1970 of the code, on failure of Robinson to pay the debt of $639.85, or any portion of it; it being distinctly understood that, upon default in the punctual payment of said promissory

note, all costs, expenses, attorney's fees and commissions incurred by Sulter, his heirs, etc. in enforcing his rights under the deed, as vendee, should be included in the judgment to be rendered upon the promissory note and allowed as part of the same. This deed was dated February 16th, 1883, signed by Robinson and consented to in writing by his wife.

The defendant demurred upon the ground that petitioner had not set forth such a cause as entitled him to the judgment sought. He demurred specially and respectively to the different parts of the petition setting forth and claiming recovery of taxes, money paid for cleaning vault or sink, for fire insurance premiums, instalments for loan association and attorney's commissions, and to that part of the petition which prayed judgment especially against the land on any part of the debt, except that covered by the note and the costs, expenses, attorney's fees and commissions incurred in enforcing the same. This demurrer was overruled, and exceptions were taken.

The defendant pleaded the general issue. Upon the trial the plaintiff put in evidence the deed and the note, and evidence tending to show that he paid the insurance, taxes, loan association instalments and other charges mentioned in the declaration. He testified that Robinson had no money to pay the insurance and told him to go and pay it for Robinson. Witness got a deed from the city marshal to the property because it was advertised for city taxes, and witness bought it, paying the taxes and $3 for the deed. Robinson knew that he paid the loan association instalments, and told him to pay them; had no money and asked him to pay it for him. Robinson knew witness was paying State and city taxes upon the property. Witness has never been paid any portion of the debt or interest. Ten per cent. on the amount collected is the usual rate of attorney's

fees witness has been paying. These various payments made by witness are a part of the expenses for the protection of his rights under the deed. Robinson was out of work and had no money to pay them, and asked witness to pay them. Witness has claimed to own the property ever since he took the marshal's deed; that is, he has returned it as his property from that time. He had tendered to him the amount of taxes mentioned in the deed and ten per cent. added, but did not receive it. Does not know whose money it was that was tendered to him, whether it was Robinson's money, or the money of Mrs. Robinson's attorney. He had some litigation with Mrs. Robinson, who claimed a homestead, and during the trial of that litigation, which was after he took the marshal's deed, her attorney tendered to him the amount of taxes mentioned in the deed. Witness has never been paid back these taxes; never tried to get them back from Robinson, but put his claim in an attorney's hands about a year ago. Has remained in possession of this deed ever since; has never tendered Robinson back his title, and has not conversed with him for four years. The property never has been returned in Robinson's name since witness got possession of the deeds, but Robinson has lived in the house all the time and retained possession up to the present, and witness has not collected a dollar of rent. He thinks Mrs. Robinson lives in the house. He put in evidence the various policies of insurance insuring Robinson on the house, loss if any payable to Sulter as his interest might appear, which had been taken and paid for by him, plaintiff; also tax receipts showing that he paid State and county and city taxes as mentioned in the declaration; and receipts for instalments of the loan association stock and interest; also a receipt for the $3.51 for cleaning the vault; also the tax *fi. fa.* against Robinson for State and county taxes for 1883, and

entries showing its transfer to him on May 7th, 1884, its levy on April 28th, 1884, on the property in question, and similar *fi. fa.* for taxes for 1884, and the city marshal's deed conveying the property to him as the purchaser, under the city tax sale, of the property in question, by virtue of an execution against the estate of Patrick Robinson, this deed being dated July 1st, 1884, together with the *fi. fa.* and levy thereon under which the sale was made, etc. He also put in evidence tending to show that Robinson was otherwise indebted to him on a store account, for which he had brought another suit against Robinson and obtained judgment on May 5th, 1884.

The defendant testified that he did not request Sulter to pay the insurance. Knew that he bought the property at tax sale, and witness has made no returns of it for taxes since. Never requested Sulter to pay the taxes. Witness has paid no rent to Sulter for the time he lived in the house, nor has he paid any taxes or insurance on the property since 1883, nor made any tax returns since the date of his deed to Sulter, nor paid anything on the property since then. Thinks he was out of work in 1884, but not all the year. He tried to sell the property, but Sulter had it garnished; has no objection to paying Sulter the debt; did not pay him the insurance nor the taxes, and did not suppose he had to, and his objection to paying them is that he does not think Sulter is entitled to it. Sulter paid the taxes to save himself, and witness thinks he ought to pay these, but not the insurance. Defendant then put in evidence a copy of the judgment rendered in Chatham superior court January 6, 1885, on the application of Mrs. Robinson for exemption of personalty and a homestead, on appeal from the court of ordinary. This was a judgment entered upon a verdict, to the effect that Mrs. Robinson was entitled to the homestead out of her hus-

band's equity of redemption in his real estate, which was worth less than $1,600, and that she was entitled to have exempted to her personalty of the value of thirty dollars; and the cost of the appeal was taxed against the caveator, who was Sulter.

The jury found for the plaintiff the full amount sued for, and found that said amount should not only be a general lien against defendant's property, but also a special lien against the property mentioned in the deed. The defendant moved for a new trial on the following grounds: (1) Verdict contrary to law and evidence. (2) Error in overruling the demurrer. (3) Error in permitting the plaintiff, over defendant's objection (not specified), to prove that he had paid the State and county taxes on the property. (4) Similar assignment of error as to the city taxes and for cleaning the vault. (5) Similar assignment of error as to the loan association instalments. (6) Similar assignment of error as to the insurance premiums. (7) Similar assignment of error as to permitting plaintiff to testify that movant had requested him to pay the taxes, insurance and loan association instalments. (8) Error in charging: "This being an absolute deed given to secure a note, it is necessarily a part of the contract, whether mentioned in the deed or not, that the property should be kept up, that every part of it may be preserved for the purpose intended, and if insurance in a reasonable amount for Henry Sulter's protection was a reasonable precaution and proper for the protection of the property, and also if it was necessary that the loan association instalments due on it, the taxes and amounts due the city of Savannah should be paid, and Sulter paid them in order to protect the property and himself, he had the right to pay these several charges whether Robinson requested him to do so or not. If you should find that these were necessary expenses, incident to the protect-

ing of the property, the only question then for you to determine would be whether Sulter did pay the several amounts alleged to have been paid by him. If you find that he paid them, then you should find the verdict for him for these amounts, in addition to the amount you may find due on the promissory note, and the whole amount you may find due shall be a special lien on the property described in the deed." (9) Error in refusing to charge "that no portion of the debt, except the note and interest and ten per cent. on said principal and interest for attorney's fees, can be recovered in this case, except so much thereof as the jury believe from the evidence is a part of the expenses incurred by Henry Sulter in enforcing his rights as vendee under the absolute deed given by Patrick Robinson." (10) Error in refusing to charge: "The amounts declared for taxes, State and county, taxes due to the city of Savannah, and for cleaning the vault and for insurance, are not a part of the expenses incurred in enforcing the rights of Henry Sulter, as vendee under the deed given by Patrick Robinson." (11) Error in refusing to charge "that if Henry Sulter became the purchaser of the property mentioned in the absolute deed made by Patrick Robinson, at a tax sale, then, the title to the property then being in himself, he is liable for its taxes and insurance, and cannot recover against Patrick Robinson for any amount paid for either taxes or insurance, after the date of his deed from the marshal, made in pursuance of said tax sale." And in charging in lieu thereof, in substance, the following: "A matter has been alluded to in the argument, in reference to the paying of taxes by Henry Sulter subsequent to the reception by him of a tax deed. It is in evidence before you that a tax deed has been taken by Henry Sulter, and that a tender was made of the amount paid by him at said tax sale with ten per cent. added to it, which has practically the effect

v 85-56

of cancelling the tax title, and that the property is returned for taxes by Mr. Sulter as his own property; but the question of the title could not affect the verdict in this case. The plaintiff claims only to have such title as he is given by the deed given to secure this debt; that is all he claims. The city marshal's deed, so far as this case is concerned, is simply evidence for what it may be worth, to show whether taxes were paid as recited therein. Your verdict should be for the plaintiff for whatever amount you find has been paid on the property, under all the evidence you have heard." The motion was overruled, and the defendant excepted.

LESTER & RAVENEL, by brief, for plaintiff in error.

R. R. RICHARDS, by brief, *contra.*