COOLIDGE v RAY.

(Circuit Court, N. D. Georgia. May 29, 1896.)

CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—FORECLOSURE SUIT.
When a deed is given for the purpose of securing a debt, under the Geor- gia statutes, the mortgagee, independently of any express stipulation in the accompanying bond for reconveyance, has a right to pay the premium for proper insurance of the property conveyed, and to collect the same, as a part of the amount secured by the deed; and accordingly, in a suit for the foreclosure of such a security, the amount of insurance premiums paid by the mortgagee is properly included with the principal, in estimat- ing the amount involved, for the purposes of the jurisdiction of the United States circuit court.

Brandon & Arkwright, for complainant.
Lavender R. Ray, pro se.

NEWMAN, District Judge. A bill is filed to foreclose a mortgage securing a note for $2,000, bearing interest at the rate of 7 per cent. per annum, payable semiannually, by interest coupons attach-

ed to the note.   By the terms of the contract, the debt is to become due by default in the payment of interest, and continuance of such default for 30 days.   There was default in the payment of a coupon for $70, due 19th day of June, 1894, and on the 15th day of October, 1894, this bill was filed.   This suit is also for attorney's fees provided for in the note, and for $22.50 insurance paid by the mortgagee on the property covered by the mortgage, for the protection of both himself and the mortgagor.   The case was referred to a special master, who has made his report, and it is now heard on exceptions to that report.

While there are other exceptions, the only one discussed is as to whether the jurisdictional amount is involved in the suit.   The suit, as stated, is for $2,000, the original principal of the debt; for 10 per cent. as attorney's fees on the amount to be recovered; and for $22.50, insurance paid.   "Where the matter in dispute exceeds exclusive of interest and costs the sum or value of $2,000," by the acts of 1887 and 1888, the circuit court has jurisdiction.   The supreme court of Georgia has held, in Beach v. Atkinson, 87 Ga. 288, 13 S. E. 591, that attorney's fees provided for in a note is part of the principal of the debt.   In this case the master found attorney's fees for complainant in the sum of $234.92, and no reason whatever is urged here why this note is not to be added to the $2,000, for the purpose of making the jurisdictional amount.   There does not seem to be any exception to the master's report on this ground, although he distinctly finds this in favor of complainant.   The whole discussion before me has been as to the correctness of the master's action in allowing the $22.50 insurance premium.   What is called a "mortgage" in this case is really a deed to secure a debt, executed under certain statutes of Georgia.   The deed recites that a bond for reconveyance is given, and the contention here is that this bond to reconvey was never delivered to Ray; and it is relied upon as containing the agreement upon his part that he would keep the property insured, or, if he failed to do so, that Coolidge might provide the insurance, and collect the amount of the premium as part of the debt secured by the deed.   It is claimed on the other hand that H. M. Atkinson was the agent of Ray to procure the loan from Coolidge to Atkinson, who held it up to the time this proceeding commenced.   There was evidence upon this subject before the special master, who found that Atkinson was the agent of Ray, and it was sufficient to authorize this finding.   So that, even if this question was controlling, I would not be justified in setting aside the report of the special master.

It is also claimed for the defendant that parol evidence was necessary to identify the bond for reconveyance as the bond alluded to in the deed, the claim being that there is no sufficient description of the bond in the deed to justify its admission without this parol testimony.   I incline to the opinion that the description of the bond in the deed is sufficient, when the execution of the bond for reconveyance is proven, to justify its admission without any evidence of identification.   But, in the view I take of the case, it is unnecessary to pass upon this question.   In the case of Robinson

v. Sulter, 85 Ga. 875, 11 S. E. 887, it is held that, where a deed is given to secure a creditor, it is necessarily part of the contract, whether mentioned or not in the deed, that the property should be kept up, and every part of it preserved for the purpose intended, and if insurance to a reasonable amount, for the protection of the lender, was necessary, as a reasonable precaution to protect the property, the creditor had the right to have the property insured, and pay the premium. And it is also held that the amount so paid would become a special lien on the property described in the deed. So that we need not regard the finding of the master as to the agency of Atkinson and the delivery of the bond to reconvey. It seems that, this being a deed conveying title for the purpose of securing the debt, Coolidge, independently of Ray's express stipulation in the bond to reconvey, would have the right to pay the insurance premium, and collect it as part of the amount secured by the deed. It appears from the evidence that Ray took out an insurance policy for $1,500, "loss, if any, payable to Coolidge as his interest might appear"; that the policy was issued in June; and that up to October the premium had not been paid, although several times demanded, by the insurance agent, of Ray. While there is some difference about the facts, just here, it seems entirely clear that the bank in Atlanta which held the papers for collection was entirely justifiable, as a reasonable precautionary act, representing Coolidge, in paying the premium. Certainly, if Ray was not satisfied with this, he could very easily have relieved himself of it, if he had tendered the amount back to the bank, which he did not do, so far as appears. It being clear that the necessary jurisdictional amount is involved in this case, and, that being the only real question discussed or insisted upon, the exceptions must be overruled, and the report of the special master confirmed.