No. 74.—JAMES H. RANEY, plaintiff in error, vs. JOHN N. McRAE, defendant in error.

[1.] Where the judgment is entered up for a larger amount than the verdict or confession, the irregularity may be cured, provided the plaintiff will remit the excess.

[2.] In England, if suit he brought upon a joint contract, if both parties are alive and within the realm, they must both be sued; and judgment cannot be rendered against one, until the other is prosecuted to *outlawry—aliter* in this State, under the Act of 1820.

[3.] A defect, apparent on the record, and which would be good in arrest of judgment, is no ground for setting aside the judgment, eleven years after its rendition.

[4.] Parties, by consent, express or implied, cannot give jurisdiction to the Court, as to the person or the subject-matter. It may be waived, however, as to the person, so far as the rights of the parties themselves are concerned; but not so as to prejudice third persons.

[5.] The omission to allege, in the declaration, that the defendant resides in the county where the suit is brought, is amendable; may be waived by pleading to the merits; is cured by verdict or confession; is not good in arrest of judgment; and cannot be made available in the Supreme Court.

Motion to set aside judgment. Stewart Superior Court. Decision by Judge IVERSON, October Term, 1853.

In March, 1840, John N. McRae brought suit in Stewart Inferior Court, against James H. Raney and William V. Raney, upon a joint contract. The declaration did not allege that either of them resided in the county. The Sheriff returned service upon James H. Raney; and immediately below this service, was this entry: "William V. Raney not served, April 14th, 1840. ———— Sh'ff"; without the name of the Sheriff. James H. Raney appeared, and pleaded the general issue and payment. Upon the trial, he confessed judgment, and appealed to the Superior Court. In that Court, at November Term, 1842, James V. Raney again confessed judgment to the plaintiff.

At April Term, 1853, James V. Raney moved the Court to vacate and annul the judgments: 1st. Because the suit was on a joint contract, and Wm. V. Raney not being served, and no proper return being made as to him, the suit abated and the judgment was void. 2d. Because the judgment confessed was for $221 $\frac{20}{100}$, and the judgment entered, is for a larger amount, viz: 221 $\frac{83}{100}$. On motion of plaintiff's counsel, a remitter was entered for the excess, and the motion to vacate the judgment refused. This decision is assigned as error.

THOMAS & DOWNING, for plaintiff in error.

M. J. WELBORN, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

An action of assumpsit was brought in the Inferior Court of Stewart county, in 1840, by John N. McRae, against James H. Raney and William V. Raney, on a joint note of the defendants, for $221 $\frac{83}{100}$. It was not alleged, in the writ, that either of the defendants resided in the county. James H. Raney alone was served. Immediately following the endorsement of service, on the declaration on James H. Raney, by Robert Reeves, Sheriff, is the entry: "Wm. V. Raney not served, 14th April, 1840"; the Sheriff's name not being subscribed.

James H. Raney, the defendant who was served, appeared and filed the plea of the general issue and payment; and at the trial term, confessed judgment for the debt, with cost of suit. He entered an appeal, in his own name, to the Superior Court, giving one Bryant Ross, as his security. On the appeal trial, in July, 1842, he again confessed judgment for the whole amount of the plaintiff's demand.

At April Term, 1853, James H. Raney moved the Court to vacate the judgment rendered against him, because he and Wm. V. Raney were sued together, as joint obligors, and he alone was served, and that his co-defendant was not served; nor did the Sheriff return as to him—that he was not to be found. And further, because said judgment was entered up for a sum, other, and different, and greater, than the confession was for.

[1.] As to the variance between the judgment and the confession, of 60 cents, that is cured by the remitter voluntarily entered by the plaintiff, and requires no further notice. The maxim *de minimis*, if ever to be invoked, should be applied on this occasion.

[2.] In England, in a suit upon a joint contract, if the facts do not appear from the plaintiff's writ, that the other joint contractor is within the realm and in life, the defendant must bring it before the Court by a plea in abatement. If, however, the facts are disclosed by the plaintiff himself, that the other joint contractor is alive and within the jurisdiction of the Court, then the defendant may demur, move in arrest of judgment, or take advantage of the defect by writ of error. Then, to avoid the consequences, the plaintiff is compelled to prosecute the other joint defendant to *outlawry*. (1 *Chitty's Pl.* top *p.* 27, *marg.* 29. 1 *Saunders' Rep.* 290, 291, *note.*)— The Statute of this State, of 1820, was intended to relieve parties, plaintiffs, from this proceeding; and in lieu of it, it provides that if the Sheriff returns that the other joint contractor is not to be found, the plaintiff may proceed against the party served. (*Cobb's Digest*, 484,-'5.)

In the case before us, it appears that both of the joint con-

tractors are alive, for both are sued. It not being alleged, however, in the declaration, that either of the defendants lives in the county where the suit was brought, it may be ques- tionable whether the onus is not upon the defendant, to show, by his plea, that the defendant not served, is alive and suable. But waiving this point, and adopting the suggestion of Law- rence, J., in *Smith vs. Torrance*, (2 *Taunton Rep.* 256,) that persons sued as living, are presumed to continue alive : and passing by the further fact, that the appearance of James H. Raney and pleading and confessing judgment on both trials, in both Courts, may amount to a waiver of want of any proper return as to William V. Raney, we come to the inquiry:

First. As to the judgment rendered in this case. Is it void or voidable only? It is not a void judgment. The Court which gave it, had jurisdiction both of the person of the de- fendant, and the subject-matter of suit. And the defendant, against whom the judgment was rendered, was legally served. It is an *erroneous* judgment only ; and the error is one which could have been taken advantage of, by motion in arrest of judgment. None was made. Is the motion of 1853, eleven years afterwards, to set aside the judgment, not for want of service of the other joint-contractor, or of jurisdiction in the Court, anything else, in effect, but a motion in arrest of judg- ment?

But the defendant comes too late for this purpose. He had his day in Court. Why did he not avail himself of it? To countenance a practice like this, would be to encourage the grossest *laches*. Parties die ; witnesses die or move off ; and yet, at this late day, it is proposed to vacate a judgment for a defect apparent upon the record, and which would have been good in arrest of judgment at the time it was rendered, eleven years previously ! And this, too, at the instance of a party who had been regularly sued and served, and who pleaded to the merits, and confessed judgment on both trials.

[3.] If the error complained of, was not apparent on the re- cord, and consequently not good in arrest of judgment ; or if the party had not been served, and consequently, from this or

other cause, had not had his day in Court, the rule would be different.

[4.] But it is further insisted, that this judgment is a nullity, for want of jurisdiction in the Court to give it.   And this exception is founded on the fact, that this declaration does not aver that the defendants resided in Stewart county.

Parties cannot, by consent, whether express or implied, confer jurisdiction over the subject-matter.   Titles to land must be tried in the Superior Court, and in the county where they lie.   But it is otherwise as to the person.   The provision in the Constitution, fixing the residence of the defendant, as the place of trial, guaranties a personal privilege, which may be waived, so far as the rights of the parties, themselves, are concerned; but not so as to prejudice third persons.   And I speak what I know, when I say that the opinion of this Court, in *The Central Bank of Georgia against Gibson*, (11 *Ga. Rep.* 453,) was not intended, nor so understood at the time, to be in conflict with this principle.   At the close of that case, my Brother NISBET puts that decision upon the proper ground.— He says : " The Bank is a public corporation—its funds belong to the State—all the people are interested in them.   The Legislature has made it suable at *Milledgeville*.   Reasons of public policy require, *that it should be sued there alone*, which reasons do not apply with the same force to individuals".   It was for the reasons thus stated, that this Court held, that the Bank could not waive jurisdiction, and submit to be sued in Muscogee, instead of Baldwin county.

[5.] Besides, the omission in the plaintiff's writ was amendable at any time.   It was waived by pleading to the merits; it is cured by the confession of judgment.   It would not be good, on motion, in arrest of judgment; it cannot be made available in this Court.