JOHN T. DOWELL *et al.*, plaintiffs in error, *vs.* GEORGE A. DICKLE & COMPANY *et al.*, defendants in error.

A receiver was appointed at the instance of a mortgagee to take charge of the mortgaged property, consisting of a stock of goods and books of account, etc., representing such portion of the stock as had been sold since the date of the mortgage. Whilst this litigation thus stood, judgments were recov-

ered against the mortgagor and claimed a fund in the hands of the receiver realized from the accounts and *choses* in action. The chancellor ordered this money paid to the judgments:

*Held,* correct. The *choses* in action in the hands of the receiver were legal assets, and as the mortgagee had obtained no decree on his bill, the common law judgments were entitled to the fund.

Equity. Receiver. Lien. Judgments. Before Judge BUCHANAN. Floyd Superior Court. January Term, 1875.

Reported in the decision.

SMITH & BRANHAM; J. N. GLENN; D. R. MITCHELL, for plaintiffs in error.

WRIGHT & FEATHERSTON, for defendants.

WARNER, Chief Justice.

This case came before the court below on a motion to distribute money in the hands of a receiver who had been appointed by the chancellor on a bill filed for that purpose to take charge of a stock of goods which had been mortgaged by Jones to Dowell, as also the books of accounts and *choses* in action of Jones. The bill was filed by Dowell, the mortgagee, against Jones, the mortgagor. The receiver was appointed on the 1st of January, 1874, and as it appears from his return, had in his hands, after deducting expenses, commissions, etc., the sum of $205 40 which had been collected by him as the proceeds of goods sold by Jones after the date of Dowell's mortgage, and which were embraced in it. The mortgage on the stock of goods is dated on the 17th day of April, 1873, and was foreclosed in January, 1874. The money in the hands of the receiver, was claimed by the plaintiffs in two *fi. fas.,* one in favor of Dickle & Company *vs.* Jones, the other in favor of Wright and Featherston *vs.* Jones, issued on judgments obtained on the 6th of March, 1874. The court ordered the money to be paid to the two common law *fi. fas.* instead of to the mortgage. *fi. fa.,* whereupon Dowell excepted.

Dowell *et al. vs.* Dickle & Company *et al.*.

There is no doubt that the money in the hands of the receiver was collected by him from persons who were indebted to Jones for goods purchased of him after the date of the mortgage, and which were embraced in it at the time of the date thereof, and there is no doubt but that the plaintiffs in the two common law judgments obtained the same, after the goods, notes and accounts of Jones had been placed in the hands of the receiver under the order of the chancellor. Neither party had any legal lien upon the money in the receiver's hands. The mortgagee had no legal lien upon the proceeds of the goods which had been sold by the mortgagor, after the date of his mortgage. The plaintiffs in the common law judgments against Jones, obtained no lien on the *choses* in action then in the hands of the receiver under the order of the chancellor at the time their judgments were obtained. Who, then, is entitled to the money in the hands of the receiver, the plaintiff in the mortgage *fi. fa.* who filed the bill under which the receiver was appointed and the money brought into court, or the plaintiff's in the common law judgments? The solution of this question depends upon the fact whether the money in the hands of the receiver was legal or equitable assets. The notes and accounts due to Jones for goods sold by him, were undoubted legal assets, and could have been reached in the hands of his debtors, by the legal process of garnishment, by his creditors. Did the fact that the notes and accounts due to Jones, were taken into the possession of a receiver under the order of the chancellor, and by him collected, change or alter the original nature and character of the assets, and convert the same into *equitable* assets? We think not, and inasmuch as Dowell had not obtained any judgment or decree on his bill against Jones, the debtor, and the plaintiffs claiming the money had obtained judgments on their demands against Jones, there was no error in ordering the money in the receiver's hands to be paid to their executions according to the ruling of this court in *Robinson vs. The Bank of Darien,* 18 *Georgia Reports,* 65.

Let the judgment of the court below be affirmed.