ROBERT T. WALKER *et al.*, commissioners, plaintiffs in error, *vs.* JOHN O. FERRILL, ordinary, defendant in error.

Where the creation of a certain office by the general assembly is provided for in the constitution, and such office is created with the provision that the officer "shall be appointed and commissioned by the governor of said state for a period of four years," the office did not expire at the expiration of such term, but the appointee held over until his successor was qualified.

Officers. County Matters. Commissioners. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1877.

Reported in the decision.

JACKSON, LAWTON & BASINGER; R. E. LESTER, for plaintiffs in error.

HARTRIDGE & CHISHOLM; A. P. & S. B. ADAMS, for defendant.

WARNER, Chief Justice.

The complainant filed his bill in the superior court of Chatham county, against the defendants, with a prayer for an injunction, of which the following is a substantial copy:

Humbly complaining, your orator, John O. Ferrill, ordinary of Chatham county, showeth, that by an act of the general assembly of the state of Georgia, approved 21st February, 1873, five commissioners and *ex-officio* judges were created and organized for said county, who, under the terms of said act, were to be appointed and commissioned by the governor of said state for a period of four years; that on or about the 21st of February, the governor did appoint and commission, as said commissioners, for the period of four years as aforesaid, the following persons, to-wit: Geo. P. Harrison, Robert D. Walker, M. H. Meyer, William W. Paine, and Edward C. Anderson, Jr., all of said county; that, afterwards, said Harrison resigned his said office as commissioner, and William S. Lawton, of said county, was appointed in his place, to serve during his unexpired term; and that on the — day of September, 1876, the said Anderson departed this life, and Christopher C. Casey, of said county, was appointed and commissioned in his place to serve during his unexpired term.

And your orator further shows, that there is no provision in said act creating said commissioners, providing that they should act until their successors are appointed; that there is no provision authorizing the appointment of any successor to them in said office; but that, by express terms of said act, said commissioners were to be appointed and commissioned for a period of four years, and at the expiration of said term their term of office expired, and the office ceased to exist; and that neither in said act, nor in any act amendatory thereof, is the power given to the governor to appoint successors to said commissioners, or to continue them in office after the expiration of the said term of four years from the said 21st February 1873.

And your orator further shows, that said act creating said commissioners, provides that they shall have the same jurisdiction, to the exclusion of the ordinary, as was then exercised by said ordinary when sitting for county purposes; and provides further, that they shall have original jurisdiction in directing and controlling the property of the county, in levying taxes for said county, in examining and settling the accounts of officers having the care of money belonging to the county, in examining and settling all claims against the county, in establishing roads, bridges and ferries, in providing for the support of the poor, and for the promotion of health, in regulating peddling and fixing the cost therefor, in fixing the cost for license for the sale of spirituous liquors, and for the exhibition of shows, in superintending the registration of voters, establishing and abolishing election precincts, distributing the poor-fund, and receiving the bonds of county officers. And your orator shows that said act was amended by an act approved February 28th, 1874, so as to give said commissioners power to issue writs of *habeas corpus* in certain cases, to appoint special constables to fill vacancies in the office of constable, and to take charge of lunatics. All of which will more fully appear by reference to said acts, to which special reference is here made.

And your orator further shows, that under and by virtue of said act creating said commissioners, the ordinary was required to turn over to said commissioners all books and papers relating to the jurisdiction and powers conferred by said act, and was prohibited from exercising any of the powers or functions so conferred upon said commissioners, and that now said commissioners have ceased to exist, the jurisdiction and powers that were taken from the ordinary and vested in said commissioners, have been restored to the ordinary, and that your orator, as ordinary, is alone entitled to exercise said jurisdiction and powers, and to have in his keeping and custody all the books and papers appertaining thereto. And your orator shows that notwithstanding the

terms of said commissioners have expired, and that the period of time for which said commissioners were created and during which they were to exercise their functions, has terminated, yet the said Robert D. Walker, William S. Lawton, William W. Paine, Mathias H. Meyer and Christopher C. Casey, still claim and assume to act as said commissioners, and to discharge the duties and exercise the powers that were vested in said commissioners by the acts aforesaid, and still retain possession of the books and papers aforesaid, and have refused, and still refuse, to comply with the request and demand that your orator has made of them to cease to assume to act as said commissioners, and to turn over to your orator, as ordinary as aforesaid, all the books and papers appertaining to the office of commissioners, formerly existing and held by them. And your orator is informed that certain documents, purporting to be commissions, and purporting to re-appoint said Walker, Lawton, Paine, Meyer and Casey, as commissioners for the term of four years from February 21st, 1877, are now in the possession of your honor, and that they, the said Walker, Lawton, Paine, Meyer and Casey, have applied for them, and are requesting your honor to qualify them as said commissioners, although your orator avers that said pretended commissions are issued without any authority of law, and are wholly null and void.

Wherefore, as your orator can have no adequate relief except in a court of equity, to the end that the said Robt. D. Walker, William S. Lawton, William W. Paine, Mathias H. Meyer and Christopher C. Casey, may be restrained and enjoined from acting, and from assuming to act, as said commissioners, and from discharging and exercising, and from assuming to discharge and exercise, any of the rights, duties, powers and functions which vested in said commissioners under the act creating said commissioners, and the act or acts amendatory thereof, and from continuing to refuse to turn over to your orator, as ordinary as aforesaid, the books and papers appertaining to their offices as commissioners,

formerly existing, and from applying to your honor for said pretended commissions, and from qualifying under them; and that John Williamson, as treasurer of said county of Chatham, be restrained and enjoined from paying any drafts, warrants or orders drawn upon him as treasurer, by said Walker, Lawton, Paine, Meyer and Casey, acting or assuming to act as said commissioners, and that the defendants be required to fully answer this bill, and that your orator may have such further relief as may appear to be proper. May it please your honor to grant, not only the writ of injunction restraining and enjoining the defendants as is above set forth, but also the writ of subpœna requiring them to appear on a day certain, and under a penalty therein named, to answer your orator fully in the premises, and to stand to and perform such decree as may then and there be made against them.

The defendants, in pursuance of an order to show cause why the injunction prayed for should not be granted, appeared and demurred to the complainant's bill, on the ground that it contained no equity which would authorize the chancellor to grant the injunction prayed for. The chancellor, after considering the demurrer, as well as the answers of the defendants, granted the injunction. Whereupon the defendants excepted.

The 15th section of the 5th article of the constitution of 1868, declares that "the general assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." The act of 1873 is "an act to create and organize commissioners of Chatham county, who shall be *ex officio* judges, to define their jurisdiction and duties, and for other purposes." The first section of the act declares "that there shall be created and organized in the county of Chatham, state of Georgia, five commissioners of Chatham county, which commissioners shall be styled commissioners of Chatham county and *ex officio* judges." The second section of the act declares "that said commissioners and *ex officio*

judges for the county of Chatham, state of Georgia, shall be appointed and commissioned by the governor of said state, for a period of four years," etc.    The other several sections of the act define the jurisdiction, powers, and duties of said commissioners.    The first section of the act, it will be perceived, created and organized five commissioners for Chatham county, in pursuance of that clause of the constitution before cited, which authorized the general assembly to do so.    The second section of the act provides for the appointment of the commissioners created and organized by the first section for Chatham county, and declares that they shall be appointed by the governor for four years; that is to say, the term for which the commissioners shall be appointed by the governor, to perform their duties under the act creating them, shall be four years,    But the commissioners so appointed would be eligible to be re-appointed after the expiration of four years, inasmuch as the 129th section of the Code declares that "all officers are eligible to re-appointment, unless expressly declared to the contrary by the constitution or laws."    The 132d section of the Code declares that "all officers in this state must discharge the duties of their office until their successors are commissioned and qualified."    The 69th section of the Code also declares that "the governor shall appoint all officers and fill all vacancies, unless otherwise prescribed by the constitution and laws.    All appointments to discharge a public duty, by the general assembly, or by the governor under its authority, are declared to be officers within the constitution."

In our judgment, the act of 1873, creating and organizing five commissioners for Chatham county, providing for their appointment, defining their jurisdiction and duties, is a permanent, constitutional, public law of the state : that the term for which the commissioners created and organized by it, to be appointed by the governor, is limited to four years ; but the act itself will continue of force until it is repealed ; and, at the expiration of four years from the date of the appointment of the commissioners under the provis-

ions of that act, it was the duty of the governor to re-appoint them, or to appoint others in their place ; and it will continue to be the duty of the governor to do so, at the expiration of every four years, under the provisions of the Code, until the act shall be altered or repealed. There are no words in the act limiting its operation to any definite period of time, or which indicate, by any fair construction thereof, that it was the intention of the legislature that it should be a temporary law for four years only. The law creating the commissioners did not expire with the period of time for which that law declared they should be appointed under it. The law continued indefinitely until altered or repealed. The commissioners created by it were to be appointed, as therein provided, every four years. The fact that the word " successors " is omitted in the act, has no legal significance whatever, in view of the general law of the state as declared by the 132d, 69th and 129th sections of the Code before cited, of which the general assembly must be presumed to have had knowledge at the time the act was passed, and, therefore, it was not necessary to have repeated the general law of the state in the act in relation to the successors of the commissioners created by it, or the re-appointment thereof by the governor, after the expiration of the time for which they were appointed. The general law of the state had already provided for these things, so long as the act creating and organizing commissioners for Chatham county remained unrepealed and unaltered. It follows, therefore, that the granting of the injunction prayed for by the chancellor was not only without authority of law, but in violation of the act of the general assembly of the state of Georgia of the 21st of February, 1873.

Let the judgment of the court below be reversed.