### DOZIER *vs.* ALLEN.

Where the justice of a district in which the defendant resided was disqualified, and suit was brought and the case tried upon its merits, without objection, in another district, the presiding justice of which had jurisdiction of the subject matter, the defendant thereby waived objection to the jurisdiction of his person, and the judgment for the plaintiff was good as against him.

Jurisdiction. Waiver. Justice Courts. Before Judge CRISP. Schley Superior Court. October Term, 1879.

Reported in the decision.

W. A. HAWKINS; JOHN SCARBOROUGH, for plaintiff in error.

B. B. HINTON; W. H. MCCRARY, for defendant.

WARNER, Chief Justice.

This was a *certiorari* from a justice court, which, upon the hearing thereof in the superior court, was dismissed, and the plaintiff therein excepted. The only question insisted on here was, whether the justice who rendered the judgment had jurisdiction to do so on the following statement of facts: The only justice in the defendant's district was his son, who was disqualified. The defendant was therefore sued before a justice in an adjoining district, and the case was tried there without any objection to the jurisdiction, the defendant consenting thereto. The 450th section of the Code declares that "when a justice of the peace is disqualified from presiding, and there is no other justice of the peace in his district who is qualified, any justice of the peace of the county is qualified to issue all process and to preside in his district; and if a justice of the peace is sued under such circumstances, the suit may be located in any adjoining district." It is insisted in view of the provisions of this section of the Code, that Cleghorn, the justice of the adjoining district, before whom the case was tried, had no jurisdiction under the law to hear and determine the same, and that the judgment was void. By the 446th section of the Code, justices of the peace have a general and original jurisdiction in all civil cases where the principal sum claimed does not exceed one hundred dollars. The amount sued on was for $24.25, so that justice Cleghorn had jurisdiction of the subject-matter of the suit under the law, and although he did not have jurisdiction of the defendant's person in his district, yet that was a personal privilege which the defendant had the right to waive so far as he was individually concerned, but not as to the rights of other persons. 14 *Ga.*, 589. The judgment was therefore a valid judgment so far as the defendant himself was concerned, and there was no error in dismissing the *certiorari.*

Let the judgment of the court below be affirmed.