THE STATE OF GEORGIA *vs.* GASKILL *et al.*

[This case was argued at the last term, and the decision reserved.]

Except in cases expressly provided for by law, the superior court has no power to render judgment at the first term after suit brought so as to bind third persons thereby. If a confession of judgment, and judgment entered up thereon at the first term, would be good against the defendant upon the principle of consent or waiver, it could not affect a claimant; therefore on the trial of a claim, there was·no error in dismissing the levy of the execution issued on such a judgment.

Jurisdiction. Judgments. Nullities. Claims. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

On March 19th, 1872, Charles P. McCalla, as an informer, made affidavit that Varney A. Gaskill was indebted to the state of Georgia the sum of fifteen thousand five hundred and forty-eight dollars and fifteen cents, and that Gaskill was a non resident. He gave bond, and attachment issued in accordance with the act of December 15th, 1871. A levy was made, and a declaration, in attachment filed March 19th, 1872. During the next term (the April term, 1872,) of Fulton superior court, the following judgment was entered by agreement:

" On agreement among the state and the informant, both represented by counsel in open court, and the defendant, who appeared in person, it is ordered that the state of Georgia do recover in the above stated case the principal sum of eight thousand six hundred and forty-eight dollars, with interest from the ninth day of January, eighteen hundred and seventy-one, the one-half of said principal and interest to be paid by the first day of January next, the other half to be paid by the first day of November, eighteen hundred and seventy-three. Execution to issue for the enforcement of said payments, if they are not punctually made, and also for costs. It is further ordered and adjudged on agreement as aforesaid, that this judgment, when paid, shall fully discharge the defendant, Gaskill, from all liability for the whole and for every part of the claim made against him in this case, not discharging any other person who may be liable for any part of said claim. It is further ordered and adjudged by the court, that out of the money which may be collected from the foregoing judgment, the informant, McCalla, and his counsel, shall be allowed the sum of twenty per cent on said recovery. By the court,

JOHN T. GLENN, *Sol. Gen'l.*"

Execution issued, and was levied on certain property to which C. B. Gaskill *et al.* interposed a claim. On the trial, these facts appearing, claimants moved to dismiss the levy on the ground that there was no judgment which was valid as against them. The court sustained the motion and dismissed the levy, whereupon counsel for the state excepted.

CLIFFORD ANDERSON, attorney-general; COLLIER & COLLIER; J. T. GLENN; P. L. MYNATT; B. H. HILL, Jr., solicitor general for the state.

McCay & Abbott, for defendants.

Jackson, Chief Justice.

The only question made by this record is, can the superior court render a judgment at the first term, so as to bind third persons, except in cases expressly provided by law?

The case at bar is between the state as plaintiff in execution and other parties who claim adversely to the defendant in execution; and these claimants attack the state's judgment as a nullity against them because it was rendered at the first term of the court, they not being parties to the judgment or assenting thereto. As the judgment was by consent, the defendant would be estopped from attacking its validity. It is a compromise judgment, and a valuable consideration passed from the state to obtain it, less than her claim having been taken in the judgment, and part thereof having been relinquished in consideration that the defendant would then give her judgment for what appears now on the face of it. So that it is good as to the defendant. But does it bind from its date the property of others? Is it good against them?

The general law is that judgment may go by default at the first term where there is no answer by defendant, but the trial of the case must be at the second term, and the penalty of default is only the payment of costs. The language of the law even in cases by default is that "no such trial shall in any case be had at the first term, except specially provided for by law." Code, §3457. In matters of rent it is provided that trial be had at the first term; but in cases like this, we know of no law which authorizes the court to enter a judgment so as to bind third persons. Therefore this judgment at the time it was rendered under the law was *coram non judice* so far as others than parties thereto are concerned.

And the judgment of the court below so holding it must be affirmed.

Judgment affirmed.