BEACH *et al. v.* ATKINSON.

1. Justice's court judgments predicated on notes for $95 or more, with 10 per cent. attorneys' fees, were void for want of jurisdiction. (R.)

2. The facts that the plaintiffs and the defendant resided in the same town in Texas, that a large indebtedness of the defendant to the plaintiffs was divided into small notes for the purpose of being sued in Georgia and of obtaining judgments thereon before another creditor of the defendant could obtain his judgment, that the defendant came to Georgia ostensibly for the purpose of removing the guardianship of his younger brother from Georgia to Texas, but really to be served with summonses in the suits commenced in the justice's court before his arrival, and immediately returned to Texas without saying or doing anything about the guardianship matter, and that he made no objection to the suits having been commenced before his arrival in Georgia and before the notes had matured,—are sufficient to authorize a finding that the judgments were collusive between the parties and invalid as to the other creditor of the defendant. (R.)

(a) The notes being due at thirty days, and having been executed less than twenty days before the suits on them were commenced, although upon their face they purported to be of earlier date and past due, the suits were prematurely brought. (R.)

(b) While under the code, §3460, the judgments might be good against the defendant, his waiver of jurisdiction could not prejudice his creditor, who can take advantage of the want of jurisdiction and have the judgments declared void so far as they affect him. (R.)

May 27, 1891.

Judgments. Jurisdiction. Justices' courts. Debtor and creditor. Before Judge HARRIS. Coweta superior court. March term, 1890.

Reported in the decision.

P. F. SMITH, by brief, for plaintiffs.

T. A. ATKINSON, by brief, *contra*.

SIMMONS, Justice.

Hindsman was a resident of Texas, and was entitled to a legacy in his father's estate in Georgia. Brunswig had obtained a judgment against Hindsman, and sued out garnishment against the administrator of Hindsman's father, in Meriwether county, Georgia. Hinds-

man seems to have been indebted to one Beach, who also resided in Texas, for borrowed money, eleven or twelve hundred dollars, and to Frank & Divine, a firm of attorneys in Texas, for counsel fees, $470. Hindsman gave to Beach and Frank & Divine a bill of sale to his interest in his father's estate in Georgia, and this was sent to an attorney in Georgia, with instructions to collect the legacy money thereon and transmit to Beach and Frank & Divine. Garnishment proceedings having been commenced against the administrator before the attorney in Georgia received the bill of sale, he returned it to Texas, and instructed his Texas clients to obtain from Hindsman small promissory notes which could be sued in a justice's court in Georgia. They obtained from Hindsman 24 promissory notes, 17 of which were for $95 and upwards, besides 10 per cent. attorney's fees, and 7 for less than ninety dollars, also besides 10 per cent. attorney's fees. These notes were executed, Frank & Divine say in their testimony, in January or February, 1888; Beach says positively that they were executed after the 1st of February, 1888. They were dated in April and November, 1887, and made payable 30 days after date. Immediately after their execution they were sent to their attorney in Georgia, who placed them in the hands of a justice of the peace for suit, and the suit was commenced on the 20th of February, 1888. The attorney in Georgia wrote a letter to Hindsman, in which he stated it was necessary for him to come to Georgia to look after the matter of the guardianship of a younger brother. Hindsman came, and when he arrived at the office of the Georgia attorney, the constable appeared and served him with the summonses issued by the justice of the peace in the suits on the notes which he had executed a few days before in the State of Texas to Beach and Frank & Divine. He arrived at Newnan, was served

by the constable and left for Texas on the same day. The attorney testified that he had no previous understanding with Hindsman that he should come to Georgia to be served, but that it is true he wrote him to come in the guardianship matter, in order to serve him in the cases, and that nothing was done in the guardianship matter after he was served; that he left on the same day for Texas because he had been threatened with prosecution for some offence. These suits against Hindsman in the justice's court proceeded, and judgment was rendered therein on the 26th of March, 1888. The administrator answered the garnishment and admitted that he had in his hands $1,450, the interest of Hindsman in his father's estate. This money was paid over to Atkinson, the attorney for Brunswig, with the understanding that he would hold it until it was legally ascertained whether Brunswig was entitled to it, or Beach and Frank & Divine on their justice's court judgments; whereupon a rule was issued against Atkinson at the instance of Beach and Frank & Divine, requiring Atkinson to show cause why the money should not be paid over to them on their judgments, their judgments being of older date than the judgment of Brunswig in his garnishment proceeding. Atkinson answered, in substance denying the validity of the judgments issued by the justice's court against Hindsman, on the grounds that they were collusive between Hindsman and the plaintiffs and made for the purpose of defeating, delaying and hindering Brunswig; that the service made upon Hindsman was not sufficient to give the court jurisdiction, and that although the notes were dated in the year 1887, they were really not executed until after the 1st of February, 1888, and were not payable until thirty days after that date, and that suit was commenced thereon before the notes were due, to wit, on the 20th of February, 1888. It was agreed between

the parties that the judge might try the issue thus formed, without the intervention of a jury. On the trial before him the foregoing facts were shown, and the judge held that the judgments on the 17 notes for $95 and upwards, with 10 per cent. additional for attorneys' fees, were void, because they exceeded $100, the amount of a justice's jurisdiction; and that the judgments on the seven notes which were within the jurisdiction as to amount, were invalid under the facts above set forth; and he awarded the money to Brunswig's judgment. Beach and Frank & Divine excepted to this finding and judgment and brought the case here for review.

1. Under the rulings of this court in *Hill* v. *Haas*, 73 *Ga.* 122, and *Bell* v. *Rich*, *Ib.* 240, the trial judge did not err in excluding the 17 judgments and holding them void on the ground that they exceeded the jurisdiction of the justice's court. All the notes on which these judgments were predicated were given for $95 or more, with 10 per cent. attorney's fees. This court held in the two cases above cited that the ten per cent. for attorneys' fees was a part of the principal of the notes, and if the addition of ten per cent. to the amount specified in the note made the amount more than $100, a justice's court had no jurisdiction, and any judgment entered thereon was a nullity.

2. We think the facts above recited are sufficient to authorize the judge as a jury to find that the other seven judgments were invalid and collusive between the parties thereto. The fact that the plaintiffs and the defendant resided in the same town in Texas; that the debts evidenced by the notes were all incurred in Texas and some time prior to the execution of the notes; that this large indebtedness was divided into small notes for the purpose of being sued in Georgia and judgments obtained thereon before Brunswig could obtain his judgment;

that Hindsman was induced to come to Georgia ostensibly for the purpose of removing the guardianship of his younger brother from Georgia to Texas, but really to be served with summonses in the suits commenced in the justice's court before his arrival, and on the same day returned to Texas without saying or doing anything about the guardianship matter; and the fact that he made no objection to the suits having been commenced before his arrival in the State and before the notes had matured,—all go to show that there was collusion between him and the plaintiffs to obtain these judgments before Brunswig could obtain his. Although these notes upon their face were past due at the time the suits were commenced, it was shown on the trial that they were antedated, being in fact executed after the 1st of February, 1888; and they were not due until thirty days after their execution. In the case of *Raefle* v. *Moore,* 58 *Ga.* 94, this court held that a note payable one day after date, which was not made on the day it purported to have been made, became due on the day after it was in fact made, and could not be sued until the next succeeding day. The evidence shows that these suits were commenced on the notes on the 20th of February, though the notes were in fact executed after the the 1st of the same month. Under the above ruling this could not be done.

It may be argued, however, that this was a personal matter to Hindsman, the defendant, and he therefore waived jurisdiction of the court, which he had a right to do, and that if he does not object, other parties cannot. Section 3460 of the code declares: "Parties, by consent, express or implied, cannot give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." While the judgments, under this section, might

be good against Hindsman, his waiver of the jurisdiction of the court could not prejudice his creditors. If the judgments prejudiced Brunswig's rights as a creditor, he can take advantage of the want of jurisdiction, and have the judgments declared void so far as they affect him, as was done in the case of *Suydam* v. *Palmer*, 63 *Ga.* 546. In that case the executor agreed that a suit should be brought against him in a county other than that of his residence. Judgment was rendered therein for the plaintiff, and execution issued and was levied upon certain property, which was claimed by Palmer *et al.*, and on motion of the claimants the levy was dismissed on the ground that the judgment was void for want of jurisdiction in the court which rendered it. See also *Georgia Railroad, etc. Co.* v. *Harris*, 5 *Ga.* 527; *Central Bank* v. *Gibson*, 11 *Ga.* 453; *Raney* v. *McRae*, 14 *Ga.* 589.                         *Judgment affirmed.*