## AINSWORTH v. MOBILE FRUIT & TRADING CO.

1. The lien of a mortgage upon a stock of goods changing in specifics is lost upon goods sold, and does not attach to the proceeds thereof.
2. Where a mortgagee, upon an equitable proceeding filed while the court is in session, and after the lapse of only ten days, obtains against the mortgagor, by his consent, a general judgment upon the debt secured by the mortgage, such judgment, while good inter partes, can not affect the rights of third persons.
3. In a contest over a fund brought into court by garnishment, the same was properly awarded to a judgment creditor of the defendant to whom the fund belonged, as against another creditor who, relatively to the creditor first mentioned, had no judgment or lien of any kind.

Argued June 17, — Decided July 28, 1897.

Garnishment and claim. Before Judge Ross. City court of Macon. September term, 1896.

On May 14, 1895, Cullen executed to Ainsworth a mortgage on his entire stock of goods, fixtures and books of account, together with any additions or increase thereto thereafter made,

for securing a promissory note of the same date, due one month later, for $1,000. The mortgage was duly recorded. On March 16, 1896, plaintiff, the Mobile Fruit and Trading Co., sued Cullen upon an account for $200 and interest, made before the execution of the mortgage; and upon this suit caused garnishment to issue and be served on the Macon Savings Bank. Two months afterward Ainsworth filed a petition to foreclose the mortgage in the superior court, upon which petition was an acknowledgment of service, with waiver of process, time of filing and further service, and a consent that Ainsworth might take judgment at any term without any other notice; signed by Cullen. To the petition was attached a copy of the mortgage, with an affidavit for foreclosure thereon, setting forth the amount due. Ten days after the filing of the petition, judgment of foreclosure was rendered, with direction that the property be sold by the sheriff and the proceeds applied to the payment of the costs and expenses of this action and the amount due on the note and mortgage, with interest; and that Ainsworth recover of Cullen any deficiency remaining after so applying the proceeds of sale. Upon the judgment execution issued against Cullen, and especially against the goods, etc., in the store occupied by him, together with fixtures, books, accounts, etc., for $1,000 principal, with interest and costs; and was levied, June 1, 1896, upon the goods, etc., in said store. Upon this execution are two receipts: one from Ainsworth's attorney to the levying officer, of $587.35, "proceeds of sale on June 7 and 13, 1896, as per order of court," dated June 13, 1896; the other from said officer to said attorney, of $24.06, clerk's and sheriff's cost on the fi. fa. On June 1, 1896, the garnishee filed an answer that it owed Cullen $204.77, and paid the same into court. This fund was the amount on deposit with the garnishee to Cullen's credit. It was realized by him by the sale of goods and collection of accounts in the due and regular course of his business, from the stock of goods described in the mortgage. After the mortgage was executed and up to May 25, 1896, all the property therein described remained in his possession, and he continued a regular retail merchandise busi-

ness with the same and in his own name, selling goods from the stock from day to day, and depositing the moneys arising from such sales from day to day and checking from such deposits with the garnishee for the purpose of buying other goods and for paying his usual and ordinary business and personal expenses. This process of buying and selling, depositing and checking, was carried on by him from the date of the mortgage up to the time of the service of the garnishment. Nothing was ever paid on the mortgage except what was realized from the sheriff's sale. Plaintiff obtained judgment on September 12, 1896, in its suit on which the garnishment was based.

Ainsworth claimed the fund in court, and traversed the answer of the garnishee, contending that said fund was not subject to Cullen's debts. The court ruled against the traverse, and claimant excepted.

*M. R. Freeman,* for plaintiff in error.
*Smith & Jones,* contra.

FISH, J. 1. The lien of the mortgage given by Cullen on his stock of goods to Ainsworth, which was changing in specifics, was lost upon goods sold by Cullen in regular course of trade (Civil Code, § 2723) and did not attach to the proceeds of sales which were deposited with the Macon Savings Bank, the garnishee. *Dowell* v. *Dickle,* 55 *Ga.* 176. Nor did the lien of the mortgage attach to such part of the fund in the garnishee's hands as may have been made up from collections on the book accounts attempted to be mortgaged by Cullen to Ainsworth, because in this State accounts can not be mortgaged.

2. The general judgment obtained by Ainsworth against Cullen by his consent, upon an equitable petition filed while the court was in session, and after the lapse of only ten days from the filing, while good between Ainsworth and Cullen, was void as to defendant in error. In *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462, this court held, that while a defendant may, in so far as it affects himself, waive the statutory period within which the writ is required to be filed, and thus voluntarily submit to the jurisdiction and subject himself to a judg-

ment which would be binding upon him, such a judgment would be absolutely void as to third persons. See also Civil Code, § 5359. In *State* v. *Gaskill*, 58 *Ga.* 518, it was held: "Except in cases expressly provided for by law, the superior court has no power to render judgment at the first term after suit brought, so as to bind third persons thereby." The petition upon which the Ainsworth judgment is founded was filed during the same term at which the judgment was rendered, and the judgment was rendered only ten days after the filing of the petition; so there can be no question as to its absolute invalidity as to third persons.

3. Therefore, in a contest between Ainsworth and the Mobile Fruit & Trading Co., over the fund belonging to defendant Cullen, which the Macon Savings Bank as garnishee had paid into court, there was no error in awarding it to the Mobile Fruit & Trading Co., which had a valid judgment against Cullen, binding upon all parties, rather than to Ainsworth, who, relatively to the Mobile Fruit and Trading Co., had no judgment or lien of any kind.

*Judgment affirmed. All the Justices concurring.*