### 2266.  BURGIN & SONS GLASS CO. *et al.* v. McINTIRE *et al.*

1. The statutory lien given to an attorney at law arises upon his employment, and is perfected by the ultimate recovery of the judgment for his client.  As between the attorney and the client, or as between the attorney and other creditors of the client, it is not essential to the validity of the lien that it should be filed or recorded, or enforced by foreclosure.

2. The defendant can waive the time of the filing of the petition, so as to authorize the rendition of a judgment, binding upon him, at a term earlier than that at which the case would be in order for trial according to statute; but the judgment so rendered would not affect the interests of third persons. Except as to the defendant himself, his waiver neither enlarges nor diminishes the jurisdiction of the court. If such consent is entered, but the case is not tried until the court has acquired jurisdiction regularly, the judgment then rendered is within the usual statutory jurisdiction of the court, and is as binding as ordinary judgments. The delay in trying the case and entering judgment, until the court has acquired jurisdiction according to law, makes the waiver as to the time of filing the petition wholly immaterial.

3. Where property is sold under execution and the fund realized is applied by the court, on a rule against the sheriff, to prior judgments or liens, the attorney for the plaintiff in execution is not entitled to be paid a fee out of the fund, for bringing it into court.

Rule; from city court of Savannah—Judge Freeman. August 27, 1909.

Submitted December 21, 1909.—Decided June 14, 1910.

*William W. Gordon Jr.*, for plaintiffs.

*Cann, Barrow & McIntire, A. L. Alexander, E. H. Abrahams,* contra.

HILL, C. J. The questions in this case arise on a rule against the sheriff to distribute a fund in his hands realized from the sale of personal property under execution. By consent the questions were submitted to the judge, without the intervention of a jury. The claimants of the fund and the claims thereon were: (1) Burgin & Sons Glass Company, under a judgment dated February 7, 1908. On this judgment an execution had been issued, and the property of the defendant sold by the sheriff and the fund then in court for distribution realized. (2) Burgin & Sons Glass Co. claimed an attorney's fee and costs for bringing this fund into court. (3) A justice's court execution in favor of Bishop & Babcock Company, dated November 9, 1907. (4) An execution in favor of Witteman Brothers, from the city court of Savannah, dated September 9, 1907. (5) A claim of lien by Cann, Barrow & McIntire for attorney's fees, for recovery of the property of the defendant in execution which had been sold by the sheriff, and from which the fund for distribution had been realized. (6) Costs of court. The fund was not sufficient to pay all the claims, and the court, after hearing the evidence, directed the sheriff to pay it out in the following order of distribution: (1) Cann, Barrow & McIntire, $50; (2) costs of

court; (3) execution in favor of Witteman Brothers; (4) execution in favor of Bishop & Babcock Company; (5) the balance of the fund, if any, to Burgin & Sons Glass Company's execution. The court disallowed the fee claimed by Burgin & Sons Glass Company for bringing the fund into court. Burgin & Sons Glass Company and Bishop & Babcock Company except to this judgment of distribution, in so far as it holds that Cann, Barrow & McIntire were entitled to a lien as attorneys, and to the preference of payment awarded to the execution in favor of Witteman Brothers, and to the disallowance of an attorney's fee for bringing the fund into court. The specific grounds of objection will sufficiently appear in the course of this opinion. The evidence pertinent to these grounds of objection, briefly stated, is as follows: Cann, Barrow & McIntire, as attorneys, had recovered from the trustee in bankruptcy the property which had been levied upon by the sheriff and sold under an execution in favor of Burgin & Sons Glass Company against the Kalola Company, and out of which the funds in the hands of the court for distribution had been realized. The contention was that these attorneys had not filed for record in the clerk's office their claim of lien on the property alleged to have been recovered by them, and had taken no steps otherwise to enforce it, but had appeared at the sheriff's sale of the property and had then given notice that they did claim a lien on the property sold; that they did not in any manner take any steps to assert their lien against the property and should not now be allowed to come into court, without having complied with any of the statutory requirements for the enforcement of their lien as attorneys, and claim the fund realized from the sale of the property on the mere proof of their services in recovering it; that to have entitled them to a lien on the fund in question they should not only have filed and recorded their lien, but should have perfected it by foreclosure. As to the execution in favor of Witteman Brothers, the evidence shows, that Witteman Brothers brought suit against the Kalola Company in the city court of Savannah, at the November term, 1906; that the petition was not filed, as required by the statute, fourteen days before the return day of the court, but was filed on the first day of the term, and there was no process annexed to the petition. There was a written waiver of the time of filing and of process and service, and an acknowledgment of service by counsel for the defendant.

The judgment was rendered on this suit on September 9, 1907, and an execution issued thereon on September 11, 1907.

1.   The court did not err in holding that Cann, Barrow & McIntire were entitled to an attorney's lien, and that this lien should be first paid out of the fund arising from the sale of the property of the defendant which they had recovered as attorneys.   Civil Code of 1895, §2814, par. 3.   The statutory lien given to an attorney at law arises upon his employment, and is perfected by the ultimate recovery of the judgment for his client.   *Lovett* v. *Moore*, 98 *Ga.* 158 (26 S. E. 498).   "As between the attorney and his client, or as between him and other creditors of the latter, the filing or recording of his assertion claiming a lien on the property recovered by him is not essential to its validity."   To make it good against innocent purchasers of the property, it must be filed and recorded; but as against the client and other creditors, such filing and recording are not necessary in order to make it a valid lien on the property.   Civil Code of 1895, §2814, par. 4; *Coleman* v. *Austin, 99 Ga.* 629 (27 S. E. 763).

2.   The court did not err, under the facts of the case, in holding that the execution in favor of Witteman Brothers, which was based on a judgment prior in date to the judgments in favor of the other claims, was entitled to precedence.   The validity of the judgment in favor of Witteman Brothers is assailed on the ground that suit was not filed 14 days before the first day of the term, as required by the statute, but was filed on the first day of the term; and because there was no valid process; and it is insisted that these two defects rendered this judgment void as to third parties, whatever might be its validity as to the defendant.   In so far as the lack of process is concerned, the defendant would have the right to waive process (Civil Code, §4983); and even without an express waiver, appearance and pleading to the merits, as in this case, would in law amount to a waiver (Civil Code, §4981); and a judgment thereafter rendered would be binding not only upon the defendant, but upon all persons.   We do not think, however, that the statutory period within which the law requires a petition to be filed can be waived by the defendant so as to prejudice the rights of third persons.   The waiver would be good as to him, but would not confer such jurisdiction upon the court as would authorize it to render a judgment that would be valid against the rights

of third persons.   The Civil Code, in §5079, expressly declares that "Parties by consent, express or implied, can not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to *prejudice* third persons." If, therefore, the facts in this case show that the rights of third persons were prejudiced by the waiver of the defendant as to the time of filing the petition of Witteman Brothers, the judgment rendered in the case would be invalid as to them.   The suit was marked filed as on the first day of the November term, 1906.   The statute requires suits to be filed 14 days before the term; and therefore the suit was returnable to the next term of the court, which would have been in January, 1907.   The plaintiff did not take a judgment on the suit until September 9, 1907, which was in the third term of the court after the term to which the suit was brought; and the trial judge put his ruling on the ground that the delay in taking the judgment, until the third term of the court to which the suit was filed, rendered the waiver of filing immaterial and harmless, in so far as the rights of these judgment creditors were concerned.   The judgment was not rendered any earlier because of the consent, but was rendered at a term when, without the waiver, judgment was in order.   The case of *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241), which is relied upon by plaintiff in error, is distinguished from this case by the fact that the judgment in that case was rendered on the *first* day of the term, which was the day of the filing of the suit; and because of this fact the judgment was prejudicial to the rights of the other creditors, and therefore was not binding upon them.   The determining factor in the case is whether the judgment in any way prejudiced the rights of other creditors of the defendant, because of the waiver.   The defendant could not waive the time of filing so as to affect prejudicially the rights of third persons; and if this waiver did not and could not have affected prejudicially the rights of third persons, the judgment would be valid as against them.   In other words, it is against the policy of the law that a defendant, by waiving the statutory requirement as to the time of filing suits against him, should be permitted to give an advantage to one creditor over others, who have obtained their judgments at the time and in the manner

prescribed by law. *Beach* v. *Atkinson,* 87 *Ga.* 288 (13 S. E. 591) ; *Georgia R. Co.* v. *Harris,* 5 *Ga.* 527.

3. Where property is sold under execution and the fund is before the court for distribution, and the court awards it to a claim other than that of the selling execution, there is no law under which the attorney for the plaintiff whose execution had sold the property would be entitled to a fee out of the fund, for bringing it into court.       *Judgment affirmed.*