14889.   BLUMBERG BROTHERS CO. *v.* ODUM, trustee, *et al.*

STEPHENS, J.   1.   Where a petition upon which the defendant has, before filing, acknowledged service and waived filing and process, is filed after the convening of the court to which it is returnable, and a judgment thereon rendered at that term of court, the judgment is void as to third persons.   Civil Code (1910), § 5663; *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241) ; *Ainsworth* v. *Mobile Fruit &c. Co.,* 102 *Ga.* 123 (29 S. E. 142) ; *Smith* v. *First National Bank of Waycross,* 143 *Ga.* 543 (85 S. E. 696).   The ruling here made and the cases cited are distinguishable from *Burgin Glass Co.* v. *McIntire,* 7 *Ga. App.* 755 (68 S. E. 490), where the judgment in a suit in which the defendant had waived the statutory time for filing the petition was rendered at a later term and within the statutory jurisdiction of the court as respects the actual time of filing the petition.   See Ga. L. 1918, p. 345, as to the city court of Valdosta.

2.   A trustee in bankruptcy represents all the creditors, and, as to the bankrupt's property not in custody of the bankruptcy court, "shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied" (bankruptcy act of 1898, as amended by act of 1910, § 47), and therefore is entitled, in the interest of all the creditors, to any property or funds belonging to the estate of the bankrupt as against any lien asserted by virtue of a judgment as aforesaid which is void as to third persons.

3.   A judgment rendered on a money rule against a sheriff, as between the conflicting claims of the trustee in bankruptcy and such a judgment creditor whose judgment is void as to third persons, which awards the funds to the trustee in bankruptcy, is not error.

         *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

         DECIDED SEPTEMBER 19, 1924.

Money rule; from city court of Valdosta—Judge Little.   June 9, 1923.

*A. T. Woodward, Dan R. Bruce,* for plaintiffs in error.

*Patterson & Copeland, Franklin & Langdale,* contra.