# 48563. OGDEN EQUIPMENT COMPANY v. TALMADGE FARMS, INC.

SUBMITTED SEPTEMBER 6, 1974 — DECIDED
OCTOBER 8, 1974.

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Swift, Currie, McGhee & Hiers, Victor A. Cavanaugh,
J. Norwood Jones, Jr.,* for appellee.

PANNELL, Judge.
General Electric Credit Corporation of Georgia filed suit against Talmadge Farms, Inc., in the Civil Court of Fulton County, Georgia, for the principal sum due under a lease/purchase agreement between Talmadge Farms, Inc., as lessee, and Ogden Equipment Company, as lessor, for certain equipment executed on December 2, 1971, and assigned on the same day to General Electric Credit

Corporation. The agreement contained a provision that it was not subject to, and waived, any defenses as against the assignee. Talmadge Farms, Inc. acknowledged service and pleaded to the merits, and also, filed a third-party action against Ogden Equipment Company based upon a claim of failure of consideration, seeking recovery against Ogden Equipment Company in the event of a recovery against it by General Electric Corporation. Ogden Equipment Company, the third-party defendant, moved to dismiss the third-party complaint filed by Talmadge Farms, Inc., on the following grounds: "1. The Third-Party complaint fails to state a claim against the Third-Party Defendant upon which relief may be granted. 2. The Court lacks jurisdiction over the subject matter presented by the Third-Party complaint. 3. This Court lacks jurisdiction over the corporate entity of the Third-Party Defendant, Ogden Equipment Company. 4. Venue is not properly laid in Fulton County. 5. The allegation in sub-paragraph (b) of the prayers, with reference to necessary costs and expenses of litigation including attorneys' fees, is not supported by any allegation or pleading, and should be stricken." At a hearing had upon this motion, the evidence disclosed that General Electric Credit Corporation and Talmadge Farms, Inc., had orally agreed that Talmadge Farms, Inc. would waive venue to a suit filed in Fulton County although Talmadge Farms, Inc. was a resident of Henry County, Georgia, so that Talmadge Farms, Inc. would have proper venue for its third-party action in accordance with *Register v. Stone's Independent Oil Distributors, Inc.,* 227 Ga. 123 (179 SE2d 68). It also appeared that Ogden Equipment Company was a resident of Fulton County, Georgia, and was properly served with the third-party complaint. There was also evidence relating to the alleged failure of consideration. The trial judge entered the following order:

"This Motion to Dismiss having come on regularly for hearing, the parties agreeing it should be treated as a Motion for Summary Judgment, all parties being present.

"It is hereby ordered and adjudged that the Third-Party Defendant's Motion be denied in that said Third-

Party Defendant will not be prejudiced by having the Third-Party action tried in Fulton County. This order is based on all the pleadings hereto including Interrogatories propounded by the Third-Party Defendant and responses thereto as well as oral argument.

"It is further ordered that this matter be certified for Appeal."

This was an order apparently overruling all grounds of the motion. Ogden Equipment Company appealed to this court enumerating the following errors: "(1) The Trial Court erred in overruling the Appellant's Motion to Dismiss on the ground that the Court lacked jurisdiction over the Appellant in this action. (2) The Trial Court erred in holding that the waiver of jurisdiction by Appellee Talmadge Farms, Inc. did not prejudice the rights of Appellant."

1.   We accordingly will limit our decision on enumeration of error No. 1 to the question whether the Civil Court of Fulton County had jurisdiction over Ogden Equipment Company. There is no contention it was not properly served. It is properly sued in the county of its residence, venue being controlled by the Constitution and statutes of this state. See Art. VI, Sec. XIV, Par. VI of the Constitution (Code Ann. § 2-4906) and Code § 3-201. The Civil Court of Fulton County has jurisdiction of the subject matter of the third-party action and of third-party proceedings, as the Civil Practice Act was made applicable to the Civil Court of Fulton County by Ga. L. 1970, p. 2446 et seq., in cases where the amount sought to be recovered exclusive of interest, attorney fees and cost, is $300 or more. Section 7 (a) and Section 14 of the Civil Practice Act (Code Ann. §§ 81A-107 (a) and 81A-114), providing for third-party actions, is applicable to the Civil Court of Fulton County in the present case. See in this connection, *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490); *Reese v. Ideal Realty Co.,* 128 Ga. App. 684 (197 SE2d 829). Enumeration of error No. 1 is therefore without merit. This jurisdictional question raised in the motion to dismiss was erroneously considered as a motion for summary

judgment. Motions for summary judgment go to the merits only and as to matters in bar and not to matters of abatement. See *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445); *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833 (1) (182 SE2d 693); *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291); *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 614, answering a certified question from this court. The ruling in Division 4 of the opinion in *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (182 SE2d 153) to the contrary will not be followed. However, inasmuch as the facts as to the agreement made between the plaintiff and the defendant and as to the residence of the parties are few, uncomplicated, uncontradicted, and admitted by the parties in answer to interrogatories and request for admission, and upon application of the law to these facts the result reached is clearly demanded, we do not remand because of this error (see *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92, supra; *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687, 692(2)(197 SE2d 754)), but instead, affirm as to enumeration of error No. 1. In so doing, we do not mean to hold, and do not hold that we are required to do so under the circumstances.

2. It is questionable whether the motion to dismiss the third-party complaint raised the question before the trial court as to whether the third-party defendant was "prejudiced" within the meaning of Code § 24-112 by the waiver of venue and service on the part of Talmadge Farms, Inc.; however, inasmuch as the trial judge ruled or found there was no "prejudice" and we are hereinafter affirming his ruling, we will pretermit any decision on this procedural question.

The decision here depends upon the interpretation of Code § 24-112 (first appearing as Section 3379 of the Code of 1863). It is a codification of pre-existing law rendered by court decision. *Suydam v. Palmer,* 63 Ga. 547, 548; *Dix v. Dix,* 132 Ga. 630, 632 (64 SE 790).

It is our opinion that the language "but not so as to prejudice third persons" does not refer to mere inconvenience and expense in defending an action properly brought, but to interferences with *legal rights* of third persons.

In *Georgia R. & Bkg. Co. v. Harris,* 5 Ga. 527 (1848), a judgment was obtained in a county in which the defendant did not reside, by an agreement between the plaintiff and the defendant, the defendant consenting to acknowledge the jurisdiction. Subsequent judgment creditors sought to "void" this judgment claiming priority thereto as to the proceeds of certain property levied upon. The court held that although the defendant may have waived the venue as to himself, he could not waive it so as to affect subsequent judgment creditors whose rights of priority of lien were injuriously affected by the waiver, they having obtained their judgments in the manner and place prescribed by law. See also *Central Bank of Ga. v. Gibson,* 11 Ga. 453, 458 (4) (1852) explained in *Raney v. McRae,* 14 Ga. 589 (4) (1854), which first announced the language of the Code. See also *Beach v. Atkinson,* 87 Ga. 288, 291 (2) (13 SE 591) (1890). The same holdings have been made in reference to claimants to title of property levied upon pursuant to judgments by consent against the defendant in a place not the county of his residence. See *Howell v. Gordon,* 40 Ga. 302, 308, where it was said a claimant may attack such judgment "whenever it is necessary for the protection of his rights." See also *Suydam v. Palmer,* 63 Ga. 547, supra, where a claimant was successful against a judgment rendered by express agreement of a defendant in a county not his residence. Also, in cases where the time of filing was waived: *Blumberg Bros. Co. v. Odum,* 32 Ga. App. 652 (1) (124 SE 547); *American Grocery Co. v. Kennedy,* 100 Ga. 462 (2) (28 SE 241); *Ainsworth v. Mobile Fruit &c. Co.,* 102 Ga. 123, 125 (2) (29 SE 142); *Burgin &c. Co. v. McIntire,* 7 Ga. App. 755 (68 SE 490); and in cases where time of trial set by statute is waived and trial had earlier as against a claimant of the property levied upon. *State of Ga. v. Gaskill,* 68 Ga. 518; and cases where, by consent of defendant, an action is brought and a judgment obtained on a debt prior to maturity thereof. *Beach v. Atkinson,* 87 Ga. 288, 293, supra. These cases are but examples of numerous cases of like holdings and import. We have found no case applying the language of this Code Section favorable to a third-party which did not involve the *legal rights* of such third-party.

The "prejudice" claimed by the third-party defendant is that the waiver by Talmadge Farms, Inc., of venue as to it and the third-party action by it requires third-party defendant to go to the expense of defending the action against it prior to the rendition of a judgment in the main action. Section 7 (Code Ann. § 81A-107 (a)) and Section 14 (Code Ann. § 81A-114) of the Civil Practice Act, applicable to the Civil Court of Fulton County, provides for such third-party actions and requires the third-party defendant to defend against such actions prior to judgment on the main case. In the absence of an attack on the constitutionality of the statute, how can a party say he is "prejudiced" by doing that which the statute requires him to do? Talmadge Farms, Inc. is doing what the statute permits it to do and the third-party defendant is merely doing what the statute obligates and requires it to do. It has no right not to defend, except at its peril, and having no legal right to do so without peril, no legal right of third-party defendant is "prejudiced" by the Talmadge Farms, Inc. waiver of venue and service.

In our opinion, the trial court was correct in so holding.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*