## 53453. OGDEN EQUIPMENT COMPANY v. TALMADGE FARMS, INC.

MCMURRAY, Judge.

This case involves a lease-purchase agreement between Talmadge Farms, Inc., as lessee, and Ogden Equipment Co., as lessor, with reference to the lease of a forklift with an option to purchase for the sum of $1 after 36 monthly payments. The lease was assigned by Ogden Equipment Co. to General Electric Credit Corporation of Georgia. Under the terms of the lease the assignee, in the event the lease was assigned, would be free of any counterclaims and all the lessee's remedies would be solely against the lessor. Talmadge began having difficulties with the forklift requiring numerous repairs and the loss of use of the forklift while it was being repaired by the seller-lessor, Ogden.

General Electric Credit Corporation of Georgia eventually filed suit against Talmadge Farms, Inc. for sums past due and unpaid. Whereupon, the defendant, Talmadge Farms, Inc., filed a third party action against Ogden Equipment Co. seeking recovery against it in the event of recovery against it by General Electric. An earlier question of waiver of venue has already been decided in this court in *Ogden Equipment Co. v. Talmadge*

*Farms, Inc.,* 132 Ga. App. 834 (209 SE2d 260).

At the trial, Talmadge, pursuant to the terms of the lease, which was introduced into evidence, was precluded from raising any defenses against the plaintiff and suffered a directed verdict against it. The case was then tried on the issues of failure of consideration and breach of warranty as between the third-party plaintiff (Talmadge) and the third-party defendant, Ogden. The court denied Ogden's motion for directed verdict. A jury verdict was returned in favor of Talmadge and against Ogden in the same amount as that awarded the plaintiff. After judgment Ogden moved for judgment notwithstanding the verdict (later amended) which was denied. Ogden appeals. *Held:*

1. The time for filing appellant's enumerations of error and brief in this court having been tolled by reason of the Christmas and other state holidays, the same were not filed too late for consideration. The motion to dismiss is denied.

2. Ogden contends that the evidence is insufficient to support the verdict and judgment with reference to the alleged failure of consideration and breach of warranty. However, there was considerable information before the jury by several witnesses indicating the length of time the forklift should have been used based on a normal five day work week, that is, approximately 180 hours per month, or 360 hours over a two-month period as a minimum. There was also testimony which would authorize the jury to determine that the forklift was operating at approximately 66% of its warranted efficiency or approximately 236 hours "from 6-12-72 to 8-16-72." Talmadge also submitted testimony as to the manual labor required as substitution for the use of the forklift. The jury thus had evidence available to have considered that the initial value of the forklift at $9,700, operating at less than 100% of its warranted efficiency, resulted in the damages it returned which was within the range of the evidence. The difference between the value of the property as warranted and the value received was before the jury. There was expert testimony that normally a forklift of this type was depreciated over a three-year period so that its value reduced from $9,700 at the beginning of the lease

was $1 at the expiration of the lease. Considered as a sale, the buyer (Talmadge) could likewise recover the difference between the value of the equipment accepted and the value the equipment would have had if the equipment had been as warranted unless special circumstances showed proximate damages of a different amount, as defined under Code Ann. § 109A-2—714 (Ga. L. 1962, pp. 156, 230). *Southern Concrete Products Co. v. Martin,* 126 Ga. App. 534 (1) (191 SE2d 314). A jury verdict will not be disturbed unless clearly erroneous and, construing all evidence and resolving all doubt in favor of the verdict and judgment, there was evidence to support same. *Smith v. Leader Lincoln-Mercury, Inc.,* 137 Ga. App. 239 (223 SE2d 274). The judgment must be affirmed.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED MARCH 14, 1977 —
REHEARING DENIED MARCH 31, 1977.

*Scheer & Elsner, Robert A. Elsner, Michael Weinstock,* for appellant.

*Swift, Currie, McGhee & Hiers, Samuel P. Pierce, Jr., Warner S. Currie,* for appellee.